ST. LOUIS, ALTON & CHICAGO RAILROAD COMPANY, Appellant, v. CASTELLO, Respondent.

1. The exemption from liability guaranteed to an officer levying an execution by the fifth section of the act of March 3, 1855, (Sess. Acts, 1855, p. 464,) where an indemnification bond has been given as required by that act, extends to an action of replevin brought against such officer.

*Appeal from St. Louis Court of Common Pleas.*

This was an action in the nature of an action of replevin to recover possession of personal property in possession of defendant. The defendant set up in his answer that, as sheriff of St. Louis county, he had levied upon the property in question under and by virtue of an execution issued under a judgment in the case of Farrell v. Chicago and Mississippi Railroad Company; that the plaintiff in this suit made claim

St. Louis, Alton & Chicago Railroad Co. v. Castello.

thereto pursuant to the sheriff's and marshal's act of March 3, 1855 ; that the plaintiff, Farrell, thereupon executed an indemnification bond, which was approved by the sheriff. It appeared in evidence that the indemnification bond was given as set forth in the answer. The court gave the following instruction at the instance of the defendant: "If the property claimed in the suit No. 202, to the October term, 1857, of this court was property levied upon by the sheriff under the execution in the case of Farrell v. Chicago & Mississippi Railroad Company, and the plaintiff, previous to the bringing of said suit, made his claim in writing before the sheriff, verified by affidavit, claiming said property, and the said sheriff took from said Farrell an indemnification bond, then the plaintiff can not recover in this action."

*G. P. Strong*, for appellant.

I. The act of March 3, 1855, does not cut off or bar the right to replevy property out of the possession of the sheriff. (Bradley v. Holloway, 28 Mo. 150 ; see 28 Mo. 379.) It makes no difference that the claim made was accompanied by affidavit. That act was not intended in any way to abridge or affect the right of an owner of personal property to take it from the possession of the sheriff when wrongfully seized, and the making or the omission to make the affidavit and claim does not in any way affect the case.

*H. N. Hart*, for respondent.

I. This case is settled by the case of Bradley v. Holloway, 28 Mo. 150, in which it was held that the sheriff is not liable when the party claiming has made such claim pursuant to the statute, and bond with securities has been given in conformity to the act.

NAPTON, Judge, delivered the opinion of the court.

This case was determined by the court of common pleas upon the construction of the act of March 3, 1855, (Sess. Acts, 1855, p. 464,) settled by this court in Bradley v. Hol-

loway, 28 Mo. 150. It is contended that the exemption from liability, secured by the act to the sheriff in certain contingencies, should be limited to actions of trespass, and that his liability to an action of replevin for the recovery of the specific property was intended to be left as it was before the passage of the act. In the case of Bradley v. Holloway, the action was replevin, and it was not thought that any distinction was designed to be made on account of the form of action. In fact, so far as the sheriff is concerned, it would be perfectly immaterial whether the suit is replevin or trespass, since the measure of damages in the latter case would be simply the value of the property. Vindictive damages could not be given against the officer acting in obedience to a writ and under the directions of the plaintiff in the execution. The act would therefore answer no useful purpose, if construed to permit actions of replevin.

The judgment is affirmed; Judge Ewing concurring.