## BAILEY SURV. VS. ELLIS.

Where in an action of replevin, the jury renders a verdict in favor of the defendant, for the value of the property delivered to the plaintiff under the writ, without any evidence whatever as to the value of such property, a new trial will be granted—the verdict being without evidence to support it.

The allegation in a declaration in replevin as to the value of the property taken by the defendant, is matter of form in pleading, and not an admission in an enquiry by the jury as to the value.

*Error to White Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

TURNER, for the plaintiff.

JORDAN, for the defendant.

Hon. Chief Justice ENGLISH delivered the opinion of the court.

Bailey and Carrington were partnership owners of some cotton; Carrington died, and Ellis administered on his estate. Rogers undertaking to act as the agent of Bailey, made a division of the cotton with Ellis, allotting to him six bales, as the partnership share of his intestate, which he took and converted. Bailey afterwards repudiated the authority of Rogers to act as his agent in making the division of the cotton, and as the surviving partner of the firm of Bailey & Carrington, brought replevin, in the *cepit*, against Ellis for the six bales taken by him.

The case was submitted to a jury on issues to the pleas of *non cepit*, and property in the defendant. Upon the evidence introduced by the parties, and instructions of the court, which appear to have been given without objection, the jury found for the defendant, and assessed the value of the cotton, which had been delivered to the plaintiffs by the sheriff, at $282 65.

The plaintiff moved for a new trial on the grounds that the verdict was contrary to law and evidence, the court overruled the motion and rendered judgment in favor of the defendant for the value of the cotton as assessed by the jury. The plaintiff excepted, set out the evidence, and brought error.

Upon the trial, it appears that no evidence whatever was introduced as to the value of the cotton. How the jury ascertained that it was worth ten and a half cents a pound, and that its aggregate value was $282 65, as stated in their verdict, does not appear.

It is alleged in the declaration, under a *videlicet*, that the six bales were of the value of $400. But this was matter of form in pleading, and could not be treated as an admission by the plaintiff in an enquiry by the jury as to the value of the cotton, as supposed by the counsel for the defendant in error.

The verdict being totally unsupported by any evidence whatever, as to the value of the cotton, the court should have granted the plaintiff a new trial.

No question of law is legitimately presented upon the record

as to the authority of Rogers to act as the agent of the plaintiff in making a division of the cotton; and as the case must be remanded for a new trial, we do not deem it proper to give any opinion upon the sufficiency or insufficiency of the evidence to establish his authority to act for the plaintiff in the matter.

Reversed.