DODD *et al., Appellants*, v. THOMAS.

**Sheriffs, &c., in St. Louis**: INDEMNIFYING BOND: RELEASE FROM LIA-
BILITY FOR FALSE LEVY: CONSTITUTIONAL LAW: REPLEVIN. The act of March 3rd, 1855, in relation to the sheriff, marshal and constables, of the county of St. Louis, (Acts 1855, p. 464,) provides that where any such officer shall levy any attachment or execution upon personal property, and any person other than the defendant in the suit shall claim the property and notify the officer in writing of his claim, the officer may take from the plaintiff in the writ a sufficient

bond of indemnity for the benefit of the claimant, and may refuse to execute the writ until such bond is given; and if he does take such bond, then he shall not be liable to such claimant for any damages resulting from the levy. *Held*, that any claimant who gives the notice provided for by the act tacitly agrees that if the officer will take the bond, he will release him from personal liability, provided the bond be a good and sufficient one, and cannot, therefore, complain of the act as being unconstitutional in depriving him of a right of action against the officer. *Held*, also, that the act is not repealed by Wag. Stat., ¿ 6, p. 897.

The fact that a bond has been taken as provided by the act upon notice of claim, is a bar to an action of replevin by the claimant against the sheriff for the property.

*Appeal from St. Louis Court of Appeals.*

*Edmund T. Allen* for appellants.

*Felix G. Fox* for respondent.

HENRY, J.—This is a proceeding for the recovery of specific personal property, commenced the 20th day of September, 1875. The defendant, then sheriff of St. Louis county, levied upon the property by virtue of an attachment issued from the office of the clerk of the circuit court of St. Louis county, on the 14th day of September, 1875, against the property of one J. T. Crenshaw, in an attachment suit instituted against him by W. E. Shryock *et al.* and the plaintiff herein, after said levy, to-wit: on the 17th day of September, 1875, gave this defendant notice of their claim to said property according to the provisions of an act of the General Assembly of this State, entitled "An act concerning the duties of sheriff and marshal in the county of St. Louis, in relation to the levy and sale of such property under execution or attachment, as may be claimed by third persons," which was approved March 3rd, 1855. On receiving this notice, this defendant, in pursuance of the provisions of said act, demanded of said plaintiffs in the attachment suit, Shryock *et al.*, a bond of indemnity with good and sufficient securities, which was executed and

accepted by this defendant. While said property was so in his possession, and after said bond was executed and accepted by this defendant, this suit for the recovery of said attached property was instituted by the plaintiffs. The plaintiffs filed a demurrer to the answer, containing in substance the foregoing facts, which was, by the court, overruled, and a judgment was rendered in favor of defendant, on proper inquiry, for $733.45, from which plaintiffs duly prosecuted their appeal to the St. Louis court of appeals, where the judgment was affirmed, and from that judgment they have appealed to this court.

The only question presented for determination is with respect to the validity of the act of 1855, relied upon by the defendant. That act is as follows:

Section 1. When any sheriff, marshal, constable or other duly authorized officer, shall levy any execution or attachment on any personal property, and any person other than the defendant in such execution or attachment shall claim such property, or any interest therein, such officer may demand of the plaintiff, or his agent, in such execution or attachment, a sufficient indemnification bond, with at least two good and sufficient securities, to be approved of by such officer, and may refuse to execute such execution or attachment until such indemnification bond be given.

Sec. 2. Such bond shall be made payable to the State of Missouri, conditioned that such plaintiff will pay to such claimant all damages that he, the said claimant, may sustain in consequence of such levy, and in consequence of any sale which may be made under or by virtue of such execution or attachment, and the officer taking such bond shall return the same with such execution or attachment.

Sec. 3. No claim made to any personal property levied on as aforesaid, shall be valid or lawful as against such officer unless such claimant, or his agent, shall set forth his claim in writing, verified by the affidavit of such claimant, or his agent, describing the property claimed and stating his interest therein, and whether it is in the

whole or only part thereof, and stating, also, that he is in good faith the lawful owner of the interest claimed by him in said property; that the defendant in such execution or attachment has no right or title, directly or indirectly, in said property claimed by said claimant, and that such claim is not made in collusion with said defendant for the purpose of vexing, hindering or delaying the plaintiff in obtaining his just rights.

Sec. 4. If the claimant shall be injured or damaged in consequence of any levy or sale under or by virtue of such execution or attachment, and shall, in good faith, be the owner of the interest claimed by him in the property levied on or sold as aforesaid, he, the said claimant, shall bring a civil action on such bond, in the name of the State, to his own use, against such plaintiff and his sureties, or any or either of them, in the usual manner of bringing actions on penal bonds, or may proceed thereon by motion in open court, first giving to the parties proceeded against in said bond twenty days notice of such motion.

Sec. 5. When said sheriff, or other officer aforesaid, shall take an indemnification bond as aforesaid, with good and sufficient security, he shall not be liable to such claimant for any damages or injury sustained by such claimant in consequence of such levy or sale under or by virtue of such execution or attachment.

Sec. 6. If the security in such indemnification bond shall be adjudged insufficient, such sheriff, or other officer aforesaid, and his securities, shall be liable to all parties injured, in the same manner and to the same extent as if no such indemnification bond had ever been given, unless an additional indemnification bond be given, and approved of by the court, or judge thereof, as hereinafter provided.

Sec. 7. Provides that objections to the bond may be made in writing within the first six days after the return day of the execution or attachment.

Sec. 8. Provides if objections are overruled, bond and security shall be deemed sufficient "so far as the lia-

bility of such sheriff or other officer is concerned;" but if adjudged insufficient, the court. may order an additional bond to be given, and when such bond is given and approved by the court, such sheriff, or other officer aforesaid, shall be entitled to the protection of this act, the same as if he had taken good and sufficient indemnification bond.

Sec. 9.   If such indemnification bond shall not be given within the time fixed by the court, then, and in that case, the officer levying or selling shall not be protected under this act, but the court may, in its discretion, order the said sheriff, or other officer aforesaid, not to pay over to the plaintiff any money made, acquired, received or obtained under or by virtue of any such levy or sale, until such additional bond be given and approved by such court or judge.

This statute was passed upon by this court in *Bradley v. Halloway*, 28 Mo. 150 ; *St. Louis, Alton & Chicago R. R. Co. v. Castello*, 30 Mo. 124, and *The State to use of Goldsall v. Watson*, 30 Mo. 122, and had been in existence nearly twenty years when this cause was tried.   Its constitutionality has not before been questioned.   The opinion in the first case was delivered by Richardson, J., and in the others by NAPTON, J.   Messrs. Cline & Jamison were attorneys against the officer in the *State to use, &c., v. Watson* ; Mr. G. P. Strong in *St. Louis, Alton & Chicago R. R. Co. v. Castello*, and W. V. W. Bay in *Bradley v. Halloway*, yet it neither occurred to the eminent judges who delivered those opinions nor their associates, nor the able counsel who appeared against the officers in those cases, that there was any provision of the act in conflict with the constitution, State or Federal.   It is contended by counsel for appellants that the act, as construed in the cases above referred to, "is subversive of the fundamental principles of free government;" that it is in conflict with section 7, article 8, of the constitution in force in 1855, to the effect that "courts of justice ought to be open to every person,

and a certain remedy afforded for every injury to person, property or character," and section 8 providing " that the trial by jury shall remain inviolate;" that it " violates the vital element of civil liberty, which requires that every officer shall be personally answerable to the affected person for the legality of the act he executes;" that it was repealed by Wag. Stat., § 6, p. 897; that it was repealed by sec. 20, art. 2, of the constitution of 1875, which provides " that no private property can be taken for private use, with or without compensation, unless by the consent of the owner;" and also that it is in conflict with the 14th amendment to the constitution of the United States, which forbids any State from making or enforcing " any laws which shall      *      *      deprive any person of life, liberty or property, without due process of law, (or denying) to any person within its jurisdiction the equal protection of the law."

We have thus stated specifically, the points relied upon by counsel for appellants, not that we propose to discuss them at length, but that it may not be supposed that they have been overlooked. The statute does not compel the claimant of property, seized by an officer under attachment or execution, to notify the officer of his claim, but that he may, and if he do, that the officer shall take the bond of the plaintiff in the suit in which the execution or attachment was issued, with two or more good and sufficient securities, and that the claimant shall then have his suit upon the bond, and the officer be exempt from liability if the bond be sufficient. The officer is personally liable, and so continues, until the claimant gives him notice of his claim. By giving that notice he tacitly agrees that, if the officer will take the bond, as required by the act, he will release him from personal liability, provided the bond be a good and sufficient one. The officer might have declined to execute the attachment, if, after demand of a bond, the plaintiff in the attachment suit had failed or refused to give it. It was taken on the suggestion of plaintiffs herein,

24—69

who are not only presumed to have known the law, but from the fact that they gave the sheriff notice of their claim in pursuance of the act, it may reasonably be inferred that they were actually acquainted with its provisions, and agreed to accept the remedy furnished by the act. Plaintiffs might have had their action against the sheriff, but they voluntarily released him in consideration of his having taken the bond of indemnity, thereby affording them a remedy for the same injury, against at least those other parties. The act does not close the courts of justice against the claimant, or deny him a certain remedy, or work a denial or delay of justice to him.

Many cases have been cited to sustain the position that no waiver of a constitutional right in property, or to a trial by jury, can be implied by making a claim to property under the third section of the act, but we have failed to perceive their applicability here. Every one who owns property, in this country, has a constitutional guaranty of his right thereto, but that right may be waived and relinquished by many acts other than a conveyance of the title by the owner. Familiar instances will readily suggest themselves. In the opinion of the court of appeals, delivered in this case, the questions involved were fully discussed, and being fully satisfied with the argument of that court and its conclusions, the judgment is affirmed. All concurring.

AFFIRMED.