H. A. HAEUSSLER, Appellant, v. LACLEDE BANK, Respondent.

St. Louis Court of Appeals, November 9, 1886.

1. ATTACHMENT—DAMAGES—PARTIES TO ACTION.—The person who was the owner of real estate at the time it was attached in a suit against another, is the only proper party to a suit to recover damages caused by the attachment, notwithstanding he may have sold the real estate pending the attachment suit.

2. ———— DAMAGES—COSTS—EXPENSES.—Counsel fees and other expenses of litigation can not be recovered as damages, except in cases where they are taxable as costs under the statute, or in cases where the elements of fraud, malice, or oppression appear.

3. ———— PLEADINGS.—In actions to recover as damages the expenses of the attachment suit, the petition must state facts which show that such expenses are taxable as costs, or that the case presents the elements of fraud, malice, or oppression.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

CECIL V. SCOTT, for the appellant: A person other than the defendant in a writ of attachment whose property is wrongfully taken thereunder, may maintain an action against the plaintiff in the attachment suit, if he directed or assented to the wrongful levy, to recover the damages sustained. *Buck v. Colbath*, 5 Wall. 334; *Lamon v. Feusier*, 111 U. S. 19; *Perrin v. Claflin*, 11 Mo. 13; *Vose v. Woods*, 34 Hun [N. Y.] 447; *McDaniel v. Gardner*, 34 La. An. 341. Though an attachment is wrongfully levied upon the property of another than the defendant, without malice, and under legal advice, the defendant is entitled to his actual damages; it is only necessary to allege and prove malice when vindictive damages are claimed. Sedgwick on Damages

[3 Ed.] 476 ; *McDaniel v. Gardner*, 34 La. An. 341 ; *Frank v. Chaffee*, 34 La. An. 1203 ; *Lamon v. Feusier*, 111 U. S. 19 ; *Buckley v. Knapp*, 48 Mo. 161 ; *Perkins v. Railroad*, 55 Mo. 213 ; *Philpot v. Taylor*, 111 Ill. 309 ; *Dixon v. Faucus*, 30 L. J. N. S. O. B. 137. Expenses necessarily incurred by the plaintiff in resisting such wrongful levy and seizure, may be recovered as damages. *Frank v. Chaffee*, 34 La. An. 1203 ; *Philpot v. Taylor*, 111 Ill. 309 ; *McDaniel v. Gardner*, 34 La. An. 341 ; *Dixon v. Faucus*, 30 L. J. N. S. O. B. 127.

BOYLE, ADAMS & McKEIGHAN, for the respondent. Expenses of litigation, other than such as are taxable as costs in the suit, can not be recovered of the adverse party, except in cases involving fraud or malice. *Walker v. Borland*, 21 Mo. 289 ; *The State v. Smith*, 31 Mo. 566 ; *The State to use v. Allen*, 12 Mo. App. 566 ; *Roberts v. Mason*, 10 Ohio St. 277 ; *Barnard v. Poor*, 21 Pick. 382 ; *McDaniel v. Crabtree*, 21 Ark. 433 ; *Pacific Ins. Co. v. Conard*, 1 Bald. 138 ; *Gilson v. Wood*, 20 Ill. 37 ; *Williams v. Reil*, 20 Ill. 147 ; *Stephen v. Beach*, 26 Conn. 355.

ROMBAUER, J., delivered the opinion of the court. Two questions of law are raised by this appeal : 1. Whether there is a defect of parties plaintiff in the petition. 2. Whether the petition states facts sufficient to constitute a cause of action.

A demurrer was interposed to the petition on these two grounds, the demurrer was sustained by the trial court, and the plaintiff refusing to plead further, judgment was entered for the defendant.

The petition in substance states, that the plaintiff was, at the date of the alleged grievance, the owner in fee of certain real estate in the state of Illinois, and that on July 19, 1881, the defendant wrongfully caused an attachment to be levied thereon in a suit against one Keeler, and caused the same to be attached as the prop-

erty of Keeler, well knowing that the property was that of the plaintiff. That the plaintiff, thereafter, on the ninth of September, 1881, by deed conveyed the property to the St. Louis Carbon Works, covenanting in such deed to defend the grantee from all loss, damage, and costs, by reason of said attachment, levy, and seizure, whether attorney fees, or otherwise. The petition further states that the laws of the state of Illinois provide that any other person than the defendant in the attachment claiming attached property, may interplead therefor; that the St. Louis Carbon Works did interplead for said property, requiring the plaintiff to prosecute said interpleader, which the plaintiff did, incurring, in so doing, a necessary expense of $829.20, exclusive of court costs, and now brings this action for the recovery of the amount thus expended.

The record fails to show on what ground the demurrer was sustained, but if it was properly sustained on either ground, the judgment can not be disturbed.

We are not advised whether such expenses as are herein claimed are taxable costs in an interpleader proceeding under the statute of the state of Illinois, but assume, from the fact that no such claim is advanced in the petition, that they are not. Such being the case, we can not see on what ground this case forms an exception to the general rule that expenses of litigation, other than such as are taxable costs, can not be recovered of the adverse party, in the absence of a contract stipulation governing damages, except in cases involving *fraud, malice, or oppression.*

Where the wrong is one to the plaintiff's person, the damages are necessarily not determinable by any fixed standard, and are practically determined by the good sense and unbiased judgment of a jury, but where the wrong affects the plaintiff's property, and thus incidentally affects the plaintiff, the damages are determined by a fixed legal standard, and counsel fees ordinarily form no element of such damages. *McDaniel v. Crabtree,* 21

Ark. 433, 434; *Bernard v. Poor*, 21 Pick. 378, 382; *Roberts v. Mason*, 10 Ohio St, 277, 232. The cases of *Philpot v. Taylor* (75 Ill. 310), and *Frank v. Chaffee* (34 La. An. 1203), on which the plaintiff mainly relies, are no authorities to the contrary. The former was a case of gross fraud, and the language of the court as applicable to such a case, was clearly pertinent; the latter was decided in a state where the civil law is the underlying base of all decisions, and counsel fees, under the Roman law, were awarded to the successful party, where the claim or defence was ungrounded, even in actions of contract. Sedgwick on Damages [6 Ed.] 109.

The rule that in all cases, a person other than the defendant in a writ of attachment, whose property is wrongfully taken thereunder, may maintain an action against the plaintiff in the attachment suit, if he directed the wrongful taking, or assented to it, is unquestionably well established. That, however, is a rule affecting only the right of action and not the measure of damages. The right of action is expressly given by the statute of the state of Illinois, which authorizes such party to interplead.

It is not pretended that by the mere levy of an attachment on the plaintiff's realty, his possession or control of the property was disturbed. The presumption is that the levy was made, as similar levies are made in this state, by indorsement upon the writ, and as such at most a constructive trespass. If the plaintiff has any right to recover, such right must be founded on the wrongful interference with his property, and not on his covenants of indemnity given thereafter to his grantee. Were it otherwise it would be optional with a party to enhance his damages after suit brought by his voluntary action.

But a mere wrongful interference with property, with the exceptions above noted, does not entitle a party to counsel fees incurred in an action defending against

it. Nor has the plaintiff, by any allegations of his peti-
tion, brought himself within the exceptions.

The judgment is affirmed. All the judges concur.