MAX SCHULTZ, Appellant, v. WILLIAM T. HICKMAN, Respondent.

Kansas City Court of Appeals, June 6, 1887.

1. PRACTICE—VERDICT—NO EXCEPTIONS. — Where, as in this case, there were no instructions asked, and no exceptions saved to the introduction of evidence, and there are no errors of law for this court to review, if there was any evidence to support the verdict it must stand.

2. REPLEVIN—DAMAGES—TIME OF ASSESSMENT. — In an action of replevin, the assessment of the property must be based upon the value at the time of the trial. And it was competent for the jury to find the value of the goods predicated upon the sworn statement of the plaintiff, when suing out the writ, making allowance for any difference between that date and the day of trial.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge

*Affirmed.*

The case is stated in the opinion.

F. V. Kander, for the appellant.

I.   The court erred in rendering judgment for defendant, in the sum of $214.60.   The value of the property at the time of the assessment by·the jury, is the value to be found by the jury.   *Richey v. Burns*, 83 Mo. 362 ;   *Mix v. Kepner*, 81 Mo. 93 ;   *Chapman v. Kerr*, 80 Mo. 158 ;  *Pope v. Jenkins*, 30 Mo. 528–537 ;. *Buckhold v. Rudrow*, 19 Mo. App. 60.   In the case of *Pope v. Jenkins* (30 Mo. 536, 537), Napton, J., in. construing our statute and reviewing the leading cases of other states, says, quoting Judge Garston, in *Bethen v. McLennon* (1 Ired. 531), "so it would be equally unjust to require the defendant to pay for the value of a slave who died during the progress of a suit;" and in construing our statute, "our statute gives to the party suc. ceeding, the choice of taking the property or its value. These terms are understood, therefore, to be equivalent ; but they would not be so, if by the value of the property, is meant its value three years perhaps before its assessment, or any other period during which the litigation has been progressing.   We understand it to be the value of the property at the time of its valuation by the jury.   The value stated in the affidavit is only *prima facie*, and is open to explanation."   Wells on Replevin,. sect. 569.

II.   The court erred in refusing to grant a new trial as prayed for by appellant.   The burden of proving fraud is on the party alleging it, and such proof must be clear and convincing ; a mere suspicion is not enough ; and when the circumstances and facts upon which it is predicated may be consistent with honesty and purity of intention, fraud will never be imputed.   *Dallam v. Renshaw*, 26 Mo. 533 ;  *Rumbold v. Parr*, 51 Mo. 292 ;  *Page v. Dixon*, 59 Mo. 43 ;  *King v. Moon*, 42 Mo. 551 ;  *Funkhouser v. Lay*,  78 Mo. 458, 462 ;  *Holmes v. Braidwood*,

82 Mo. 610–616 ; *Shelley v. Boothe*, 73 Mo. 73 ; Bump on Fraud. Con. [3 Ed.] 603. The defendant predicated his claim to the property in controversy, and his defence to the action was an execution against the property of Mayer Brothers, and that plaintiff's claim was fraudulent. The proof was, that the goods in controversy were partly bought by plaintiff, at the sheriff's sale of Mayer Brothers' stock of cigars and tobacco, and that others of the goods were got by plaintiff from persons who were indebted to Mayer Brothers, and whose accounts had been assigned to plaintiff by Mayer Brothers, for salary due him from them, and which they could not pay ; that the persons owing could not pay plaintiff, and he took back the goods in payment of the debt. There is not a scintilla of evidence tending to show that plaintiff had knowledge of the embarrassed condition of Mayer Brothers, until after the sheriff had their store in his possession, nor is there anything tending to show a fraudulent combination or collusion between Mayer Brothers and plaintiff, and all the evidence is positive on the question of the ownership of the property in controversy. Every witness examined on that question testifies that plaintiff was the absolute owner of the goods. Whilst it may be true that fraud may be inferred from a given state of circumstances, yet, as Philips, C., in *Funkhouser v. Lay* ( 78 Mo. 458–462), says : ''Fraud, it is sometimes said, may be inferred. But this expression must not be construed to warrant the mere assumption of a fact. This inference can only be drawn legitimately from some tangible, responsible fact in proof. It is a deduction which an intelligent mind may honestly make from the incidents and circumstances surrounding the case, and which appear to be inconsistent with the good faith and rectitude of the actor. If, however, the conduct of the party, and the transaction under consideration, reasonably consist as well with integrity and fair dealing, the law rather refers the act to the better motive." And in *King v. Moon* (42 Mo. 551–

555), Wagner, J., says: "Fraud may be presumed in equity, but must be proved in law." We submit that in the case at bar, there is no "tangible, responsible fact in proof," indicating fraud on the part of plaintiff. As to the assignment of the accounts by Mayer Brothers to plaintiff, the undisputed testimony is, Mayer Brothers were indebted to plaintiff for salary, and the accounts were assigned to him in payment of this indebtedness. In *Holmes v. Braidwood* (82 Mo. 610-616), Philips, C., says: "The well-settled law now is, that the mere knowledge of the creditor, who takes his debtor's goods in payment of an existing *bona fide* debt, of a desire and purpose of the debtor, in making the sale, to hinder and delay his other creditors, is not sufficient to invalidate the transfer. It must further appear, from the facts or attendant circumstances of the transaction, that the preferred creditor, in some way, participated in the fraud," etc. *Shelley v. Boothe*, 73 Mo. 74, to same effect.

HENRY WOLLMAN, for the respondent.

The appellant having excepted to no ruling or instruction of the court, this court cannot, in a suit at law, review the facts or set aside the verdict, where there is evidence to sustain it. *Tyler v. Larrimore*, 19 Mo. App. 458; *Cunningham v. Snow*, 82 Mo. 587; *Kurlbaum v. Roepke*, 27 Mo. 16; *Altum v. Arnold*, 27 Mo. 264; *Easley v. Elliott*, 43 Mo. 289; *Harrington v. Minor*, 80 Mo. 270.

PHILIPS, P. J.—This is an action of replevin for the recovery of a lot of cigars, etc. The value of the goods is alleged in the petition to be $214.00, and the affidavit for the taking of the goods under the delivery bond, alleged the value to be $214.60. The defendant, as sheriff, seized the goods under a writ of execution against Isaac Mayer and David Mayer, sued as partners. The answer averred property in said Mayers, and charged that the plaintiff was in fraudulent collusion with Mayers

to cover up said property from their creditors. The jury found the issues for the defendant, assessing the value of the goods at $214.60. Plaintiff has appealed.

I. There were no instructions asked, and no exceptions saved to the introduction of evidence. There are no errors of law for this court to review. *Cunningham v. Snow*, 82 Mo. 587 ; *Tyler v. Larimore*, 19 Mo. App. 458. In such case, if there was any evidence to support the verdict, it must stand. We have examined the record, and find there was some evidence to support the finding of the jury. In such case we will not weigh the evidence. It was for the jury to infer the existence of fraud, and determine the ownership of the property in question, from all the facts and circumstances in evidence. We will not invade the province of the jury.

It is assigned for error that the assessed value of the property is excessive. It is conceded to the contention of the appellant that the assessment must be based upon the value at the time of the trial. The affidavit made by the plaintiff on the first day of September, 1885, stated the value of the property to be $214.60. The contention of appellant is, that this affidavit has reference to the value of the property at the time the suit was brought, or when the goods were taken by the defendant. This is not tenable. The affidavit is in the present tense, and says the property is of the value of $214.60, at the time the affidavit was made. Any deterioration of the goods, consequent upon the manner of keeping the same by the sheriff, had occurred prior to that time.

It was competent for the jury to find the value of the goods predicated upon the sworn statement of the plaintiff, making allowance for any difference between that date and the day of trial. The affidavit was made on the first day of September, and the trial had the first of the following January. There was nothing to indicate any depreciation in the value in the meantime. The plaintiff cannot complain that the jury accepted his own sworn statement when he was suing out his writ of

replevin. Wells on Rep., sect. 569. Parties very often get caught on the valuation they recklessly place on the goods when they are swearing against the defendant. The policy of the law is to hold parties to such valuations, to guard against loose swearing in making such affidavits.

The judgment of the circuit court must be affirmed. All concur.