ELLA M. FERGUSON, Appellant, v. CHARLES D. COMFORT and LOUIS NOLTE, Sheriff of City of St. Louis.

Division One, March 2, 1915.

1. **APPELLATE JURISDICTION: How Determined.** In determining appellate jurisdiction, the court is not restricted to the amount claimed in the petition, but will go into the whole record and from that determine the amount in dispute.

2. ————: **Replevin: Judgment and Damages: Waiver.** Where judgment for $6000 for debt was rendered and execution levied on personal property, and the judgment debtor's wife claimed the property as her own and brought suit in replevin against the judgment creditor and the sheriff, wherein she asked for possession of the property and damages in the sum of $5000, and the jury found that plaintiff was not entitled to the pos-

session of the property and assessed in favor of the sheriff the value thereof, at $6000, and one cent damages, and plaintiff at the trial made a clear disclaimer as to damages, the appeal is to the Court of Appeals; and, though her disclaimer of damages at the trial was not wholly unequivocal, yet, if on appeal her brief shows a clear abandonment of any claim for damages, the amount in dispute is $6000.01, and the Supreme Court does not have jurisdiction.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Zachritz & Zachritz* and *Harmon J. Bliss* for appellant.

*William F. Smith* and *Henry Higginbotham* for respondents.

GRAVES, P. J.—Action in replevin. Judgment for defendants, and plaintiff appeals. Charles D. Comfort, one of the defendants herein, had a judgment in the St. Louis Circuit Court against John W. Baker and J. E. North for $5132.25, bearing interest at the rate of eight per cent. On this judgment Comfort procured execution, which was placed in the hands of defendant Nolte, then sheriff of the city of St. Louis, for execution. Nolte levied upon the property described in the replevin petition in this case. Plaintiff, now Ella M. Ferguson, then Ella M. Baker, made claim to the property, which is herein involved, and which had been levied upon as the property of the execution debtor Jno. W. Baker. The present plaintiff was then the wife of John W. Baker, but was afterward divorced, and later became Ella M. Ferguson by remarriage. Upon the receipt of the claim made by Ella M. Baker, now Ella M. Ferguson, the defendant Nolte notified said Comfort, now his codefendant, of such claim, and Comfort with proper sureties executed an indemnifying

bond' in the sum of $12,000, which was accepted by Nolte, the sheriff. The sheriff declined to receive and accept a claimant's bond tendered by Mrs. Baker, and was about to sell the property when this replevin suit was filed. In the petition for replevin the plaintiff charges the value of the property to be $6000, and also further says:

"And that afterwards on the same day defendants wrongfully took said property from the possession of plaintiff and still unjustly detain the same at the city and State aforesaid, to plaintiff's damage in the sum of five thousand dollars.

"Wherefore, plaintiff prays judgment against defendants for the recovery of the possession of said goods and chattels, and $5600 damages for the taking and detention thereof and all injuries thereto."

Plaintiff gave a replevin bond, with sureties, in the sum of $12,000. Upon trial had the following judgment, omitting the description of the property, was entered:

"Now, again at this day come the parties hereto by their respective attorneys and again come the jury heretofore impaneled and sworn herein, and thereupon the trial of this cause again progressed and being finished, the jurors aforesaid, upon their oaths aforesaid, say:

"We the jury find the issues in favor of the defendants; and we further find that at the time of the institution of this suit the plaintiff was not entitled to the possession of the personal property in the petition described and seized under the writ of replevin in this suit; and we further find that at the institution of this suit the defendant, Louis Nolte, Sheriff of the City of St. Louis, was entitled to the possession of said personal property; and we assess in favor of the defendant, Louis Nolte, Sheriff of the City of St. Louis, the value of said personal property at the sum of six thousand dollars; and we assess in favor of the defendant, Louis

Nolte, Sheriff of the City of St. Louis, the damages by him sustained for the taking and detention of said personal property at the sum of one cent. We further find that the defendant, Charles D. Comfort, was not in possession or control of said personal property at the time of the institution of this suit or at the time of the seizure thereof under the writ of replevin.

"P. G. MURRAY, Foreman.

"It is therefore upon the finding of the jury as aforesaid considered and adjudged by the court that the plaintiff take nothing by her suit in this behalf and that the defendant, Louis Nolte, Sheriff of the City of St. Louis, do have and recover of the plaintiff the personal property delivered to her by the coroner of the city of St. Louis under the order of delivery in this cause and described in the plaintiff's petition herein as follows, to-wit: . . .

"Or at the election of the said defendant Louis Nolte, Sheriff of the City of St. Louis, he have and recover of the plaintiff and of John H. Vette and H. C. Grote, sureties on the replevin bond herein, the sum of six thousand dollars, the assessed value thereof, and also have and recover of said plaintiff and John H. Vette and H. C. Grote said sureties, the sum of one cent for his damages for the taking and detention of said property, together with his costs and charges herein expended. And it is further considered and adjudged by the court that the defendant, Charles D. Comfort, go hence without day and recover of plaintiff his costs herein expended and that execution issue in conformity with this judgment. Verdict and instructions filed."

From this judgment the plaintiff appealed to the St. Louis Court of Appeals and her said appeal has been by that court transferred to this court upon the ground that more than $7500 was involved in the controversy. An examination of the record shows that plaintiff offered no evidence as to the alleged $5000

damage. In the record, however, we find, among other matters, the following:

"The witness testified that all the articles mentioned in plaintiff's petition were either given to her or purchased by her with her own money or with money given to her by her husband for her own use, giving the details as to each particular article mentioned in plaintiff's petition; stating if a gift, by whom given and when, or if a purchase made by her, when and where made.

"Witness stated that the chattels mentioned in the petition were levied on by the sheriff on July 12, 1907. Sheriff did not take them away, but had possession until witness obtained possession under the order of delivery in this cause.

"Witness stated that the title to the chattels remained the same up to the time the levy was made on July 12, 1907, and remained the same up to the time she got the chattels back under the writ of replevin. The chattels remained in the house all the time up to the time they were turned back to her. The chattels were in the same condition when witness got them back under the writ of replevin as when the levy was made.

"Mr. Zachritz: I am going to follow it up anyhow by showing their [the chattels'] condition. That is the purpose of it. Just to accommodate Mr. Smith and shorten this matter, I will state that we are going to show, if we can, that these chattels were in substantially the same condition at the time this levy was made at the time they were returned under the writ of replevin, and at the time of this trial and during all that time.

"Mr. Smith: For the purposes of this case, and in order to shorten the matter, we will admit that it may be a matter of record."

Plaintiff urges sundry errors in instructions given, and in the exclusion of evidence, as well as other matters. We have first the question of our jurisdiction,

and if we conclude that such we have, then the errors assigned. This sufficiently states the case.

I. The Court of Appeals held that we had jurisdiction of this case, because the plaintiff had appealed from the judgment in favor of Comfort, as well as from the judgment against plaintiff and in favor of Nolte. It is clear that as Nolte had a judgment against plaintiff for $6,000.01, all told, that an appeal from that judgment conferred no jurisdiction in this court. But says the Court of Appeals the judgment in favor of Comfort involved more. That as to such judgment the amount involved is the amount claimed in the petition, i. e., property of the value of $6000 and damages in the sum of $5000. It is true that where the defendant secures a verdict below, the amount claimed in the petition of the plaintiff usually fixes the appellate jurisdiction, but this does not prevent the court from going to the whole record, and from that determining the actual amount in dispute. Originally the plaintiff, as to both Comfort and Nolte, claimed $6000 in property and $5000 in damages. These sums might be said to fix the appellate jurisdiction in the appeal as to Comfort, if the record does not elsewhere show that plaintiff waived a portion of the claim. She comes very nearly doing so, when the agreement was made as to the condition of the goods at the different dates mentioned in the stipulation which we have set out in the record. In other words it looks as if she was not persisting in her claim of $5000 for the taking and detention of the property. Had the record showed a clear disclaimer as to these damages (and it comes very near so doing) there would be no jurisdiction here—taking the whole record. She practically admits of record that these damages are but nominal, to say the most. What she says in the record amounts to this, ''I sued for $5000 damages for

*Appellate Jurisdiction: Replevin.*

the taking and detention of these goods, but I now say that the goods were of the same value all the time and there has been no substantial damage." It is a practical admission in open court that her claim for damages was imaginary rather than substantial. When she made this admission she eliminated that item as a matter of contest.

II.   That the plaintiff abandoned this claim of $5000 is fully demonstrated by the further record in the case. First, there is no evidence of damage in the case. Secondly no such question is presented by the briefs there. Here are the points made in the briefs:

"(1)  So also it was the right of plaintiff to show by competent evidence any fact throwing light upon the actual value of the property at the time of the trial, and it was reversible error to exclude evidence showing that the plaintiff based her averment of value upon the purchase price; and that such purchase price could not be realized upon the property, and was not the true value thereof.

"(2)  The rule of law that the assessment of value of the property must be as of the date of trial and not of the caption is not changed by the fact that the plaintiff in the replevin has by any averment of her petition, assigned a particular value to the property, nor is such plaintiff conclusively bound by such averment for the following reasons.

"(3)  To arrive at the true value of the interest of the plaintiff in the replevin in the property at the time of trial, it is competent to show that such interest is subject to the lien of a mortgage, and to show the amount of that mortgage, and it was reversible error to exclude evidence tending to show such facts.

"It was improper and unjust to assess against plaintiff the full value of the property unaffected by what she owed the mortgagee, Vette, and had conveyed the property to secure.

"(4)  The mortgagee of the chattels in question was a proper party to the suit, and it was error for the court to refuse to permit him to be joined as a party defendant.

"A plaintiff may make any person a defendant who has or claims an adverse interest in the controversy, or who is a necessary party to a complete determination of the questions involved therein.

"(5)  The defendant Nolte, sheriff of the city of St. Louis, had only a special interest in the chattels in question, to the extent of the execution in hands, and it was error to assess the value of the chattels in his favor in any larger sum than the amount of his execution."

So that it clearly appears that plaintiff was not insisting that she was entitled to $6000 in property and $5000 in damages in the St. Louis Court of Appeals. She had abandoned the damage portion of her case in the circuit court, as above indicated, and she makes no claim in the briefs as to that.  She does not even complain of the action of the circuit court in dismissing Comfort from the case.

Viewing this whole record, it is clear the Court of Apeals was in error in transferring the case to this court.  It is accordingly retransferred to the St. Louis Court of Appeals for determination upon its merits. All concur.