ELLA M. FERGUSSON, Appellant, v. CHARLES D. COMFORT et al., Respondents.

St. Louis Court of Appeals, April 4, 1916.

1. REPLEVIN: Possession. Replevin cannot be maintained against a person not in possession of the property sought to be replevied at the time suit is instituted.

2. **PLEADING:** Conclusiveness of Admissions. Parties are ordinarily bound by the allegations of their pleadings.

3. **REPLEVIN:** Allegations of Value: Petition and Affidavit. Sec. 2637, R. S. 1909 requires the value of property sought to be replevied to be stated in the affidavit, for the purpose of fixing the amount of the replevin or forthcoming bond; but it is not material that the petition allege such value.

4. ————:Assessment of Value. In a replevin action, the value of the property in question, which is not the real issue and is assessed only for the purposes of an alternate judgment, is to be. assessed as of the date of the trial.

5. ————: Allegations of Value:` Conclusiveness. Statements in the affidavit and petition as to the value of property sought to be replevied constitute admissions by plaintiff concerning the value at the time suit is instituted, and may be utilized to fix the value at the time of the trial where there has been no appreciable depreciation between the time of seizure and the time of trial; but such admissions are not conclusive, where evidence adduced shows a different value at the time of trial, and it is competent for plaintiff to show the true facts and to explain the· circumstances attending the making of such statements.

REYNOLDS, P. J., dissents.

Appeal from the St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

REVERSED AND REMANDED.

*Zachritz & Zachritz* and *Harmon J. Bliss* for appellant.

(1) The value of the chattels in question was wrongfully assessed as of the time of caption. In an action of replevin where the finding is against the party in possession of the property, the value of the property should be assessed against him, and such assessments must be the value found by. the jury to exist at the date of trial, and not the value which the property may. have had at the time of caption, or at the institution of the suit. White v. Storms, 21 Mo. App. 288; Ascher v. Schaeper, 25 Mo. App. 1; Hoester v. Teppe, 27 Mo. App. 207; Hickey v. Koch, 42 Mo. App. 230; Kendall Boot & Shoe Co. v. Bain, 46 Mo. App. 581; Standard Oil Co. v. Meyer Bros. Drug Co., 84 Mo. App. 76; Chapman v. Kerr, 80 Mo. 158; Mix

v. Kepner, 81 Mo. 93; Richey v. Burns, 83 Mo. 362. So also it was the right of plaintiff to show by competent evidence any fact throwing light upon the actual value of the property at the time of the trial, and it was reversible error to exclude evidence showing that the plaintiff based her averment of value upon the purchase price, and that such purchase price could not be realized upon the property, and was not the true value thereof. (2) The rule of law that the assessment of value of the property must be as of the date of trial and not of the caption is not changed by the fact that the plaintiff in the replevin has by an averment of her petition assigned a particular value to the property, nor is such plaintiff conclusively bound by such averment for the following reasons: 1st. Because the allegation of value is not a necessary nor material averment of the petition, but it is sufficient if it appear in the affidavit which is not traversable. R. S. 1909, sec. 1830; Bosse v. Thomas, 3 Mo. App. 472, 478; Schaffer v. Faldwesch, 16 Mo. 337; Wood v. Steamboat Fleetwood, 19 Mo. 530; Martin v. Block, 24 Mo. App. 60; Field v. Barr, 27 Mo. 416. 2nd. Because the allegation of value must necessarily be of the date of the affidavit, and not of the time of trial. 3rd. Because the allegation of value either in the petition or in the affidavit is not a voluntary statement of the pleader, but is made in formal conformity to a requirement of the statute. R. S. 1909, sec. 2637. 4th. Because the averment of value is a mere expression of opinion, and may be made without adequate knowledge and does not necessarily show the true value which may be proved by competent testimony either of experts or of persons having knowledge and familiarity with the property in question, and its value. (3) To arrive at the true value of the interest of the plaintiff in the replevin, in the property at the time of trial, it is competent to show that such interest is subject to the lien of a mortgage, and to show the amount of that mortgage, and it was reversible error to exclude evidence tending to show such facts. It was im-

proper and unjust to assess against plaintiff the full value of the property unaffected by what she owed the mortgagee, Vette, and had conveyed the property to secure. Dodd v. Wilson, 26 Mo. App. 462; Dixon v. Atkinson, 86 Mo. App. 24; Stroud v. Morton, 70 Mo. App. 647. (4) Our replevin statute must receive a liberal interpretation, and it has been held to possess sufficient flexibility to adjust all equities arising in the action of replevin between all persons in interest. Dilworth v. McKelvy, 30 Mo. 149; Dougherty v. Cooper, 77 Mo. 535; Lewis v. Mason, 94 Mo. 558; Powers v. Bradley, 41 Mo. App. 556. (5) The defendant Nolte, sheriff of the city of St. Louis, had only a special interest in the chattels in question, to the extent of the execution in his hands, and it was error to assess the value of the chattels in his favor in any larger sum than the amount of his execution. Pierce v. Louder, 54 Mo. App. 25; Gregory v. Tavenner, 38 Mo. App. 627; Dixon v. Atkinson, 86 Mo. App. 24; Hall v. Brammell, 87 Mo. App. 285; Gaston v. Johnson, 107 Mo. App. 590; Dilworth v. McKelvy, 30 Mo. 149; Boutelle v. Warne, 62 Mo. 350; Dougherty v. Cooper, 77 Mo. 529; Lewis v. Mason, 94 Mo. 551; Kerr v. Drew, 90 Mo. 147; Gentry v. Templeton, 47 Mo. App. 55.

*Wm. F. Smith and Henry Higginbotham* for respondents.

(1) (a) A plaintiff is bound by the allegations of his petition, and although the latter may contain unnecessary averments, yet, as long as the petition stands unamended, he is bound thereby. Oglesby v. Railroad, 150 Mo. 137, 177, citing many cases; Bruce to use v. Sims, 32 Mo. 246, 251; Ramsey v. Henderson, 91 Mo. 560, 595; Upham v. Allen, 76 Mo. App. 206, 211; Railroad v. Iron Works Co., 117 Mo. App. 153, 164; Butts v. Woods, 4 N. Mex. 343, 348; Capital Lumbering Co. v. Learned, 78 Am. St. 792, 795, S. C., 36 Oregon, 544; Weyerhauser v. Foster, 60 Minn. 223; Houston v. Smythe, 66 Miss. 118, 124. (b) And in such case it is competent to instruct the jury in an action of re-

plevin that the fact is admitted as against the pleader. Butts v. Woods, 4 New Mex. 343, 348; *Acc.* Edwards v. Eveler, 84 Mo. App. 405, 411. (c) When the value alleged in the pleading of one party is admitted by the pleading of his adversary no proof of such value is necessary. McCord v. Railroad, 21 Mo. App. 92, 95; Selking v. Hebel, 1 Mo. App. 340; Edwards v. Eveler, 84 Mo. App. 405, 411. (d) Party cannot introduce evidence to contradict his pleading. McFarland Real Estate Co. v. Girardi Hotel Co., 202 Mo. 597, 605; Lenox v. Harrison, 88 Mo. 491, 495; Weil v. Posten, 77 Mo. 284, 387; Butts v. Woods, 4 New Mex. 343, 347-348. (e) The jury may find the present value as against the plaintiff upon his sworn statement made when suing out the writ, making allowance for the depreciation in value, if any, between these dates. Schultz v. Hickman, 27 Mo. App. 21, 25; Merrill Chemical Co. v. Nickells, 66 Mo. App. 678, 686-688; Jennings v. Sparkman, 48 Mo. App. 246, 253-254; 2 McQuillin's Mo. Practice (1907), section 2114. (f) The plaintiff cannot complain that the jury accepted his own sworn statement made when he was suing out his writ of replevin. Schultz v. Hickman, 27 Mo. App. 21, 25-26 *Acc.* Johnson v. Simmons, 61 Mo. App. 395, 400. (g) Nor can party complain that the jury accepted his own estimate of the value of the goods as stated in his own bond. State to use v. Johnson, 1 Mo. App. 219, 220-221. (h) While plaintiff did not ask to amend her petition as to the value of the property, still replevin being *sui generis,* the plaintiff may not retreat at will; and it would hot have been error to refuse to allow an amendment in this respect. Selking v. Hebel, 1 Mo. App. 340.

ALLEN, J.—This is an action in replevin. The trial below resulted in a verdict and judgment in favor of the defendants, and plaintiff brought the case here by appeal. We transferred the cause to the Supreme Court upon the theory that the amount in dispute on appeal was beyond our jurisdiction (see Ferguson v.

Comfort, 159 Mo. App. 30, 139 S. W. 218); but the Supreme Court held otherwise and transferred it to this court (see Ferguson v. Comfort, 264 Mo. 274, 174 S. W. 411).

In May, 1907, one Charles D. Comfort, one of the defendants herein, recovered a judgment against one John W. Baker and another in the circuit court of the city of St. Louis, for the sum of $5132.25 and costs. Execution, issued upon this judgment, was placed in the hands of defendant Nolte, then Sheriff of the city of St. Louis, and by him levied upon certain household property located upon the premises occupied by Baker and his wife, Ella M. Baker, in the city of St. Louis. Thereupon, and prior to the removal of the property from the premises aforesaid, Ella M. Baker, the plaintiff herein—who has since married one Ferguson—filed with defendant Nolte, as Sheriff, a third party claim to the property so levied upon, averring the value thereof to be $6000. Thereupon Comfort, the execution creditor, gave an indemnifying bond in the sum of $12,000, as provided by law, and the defendant sheriff was proceeding to execute the writ in his hands when plaintiff instituted this action in replevin. Upon the execution and delivery by plaintiff of a replevin bond to the coroner, that officer took possession of the property under the writ of replevin and delivered the possession thereof to plaintiff. The property was never, in fact, removed from plaintiff's premises.

Both in her petition and in her affidavit annexed thereto plaintiff stated that the property was of the value of $6000. The separate answers of defendants Nolte and Comfort admit this to be the value thereof.

Upon the trial plaintiff undertook to testify as to the circumstances under which she signed the affidavit annexed to the petition, but this testimony was excluded. Witnesses for plaintiff, however, were permitted to give testimony relative to the value of the property, from which it appeared that the value thereof at the time of the trial was about $1450.

In submitting the cause to the jury the court refused certain instructions requested by plaintiff and gave three instructions offered by defendants. The first of these directed a verdict for defendant, Comfort. The second virtually directed a verdict for defendant Nolte, for it told the jury that if they found that prior to the institution of this action plaintiff filed with the defendant sheriff the third party claim shown in evidence, and thereupon the sheriff took from defendant Comfort the indemnifying bond read in evidence, then plaintiff could not recover.

The third instruction for defendant told the jury, in substance, that if they found a verdict for defendants, to assess in favor of defendant Nolte, and state in the verdict, the present value of the property and the damages, if any, sustained by said defendant by reason of the taking and detention. And the instruction told the jury that it was admitted by the pleadings that the value of the property at the time of the institution of the suit was $6000, and that if the jury found that any depreciation in the value thereof had occurred between the date of the seizure and the day of trial, then, in assessing its present value, to deduct the amount of such depreciation from $6000, but that in such case the amount of the depreciation, if any, should be included in the damages, if any, that the jury might find to have been sustained by defendant Nolte by reason of the taking and detention; but that if the jury found that the property had suffered no depreciation between the time of the seizure and the trial, then to assess the present value thereof at $6000, and the damages for the taking and detention at one cent.

Under these instructions the jury returned a verdict for defendants for the possession of the property, assessing the value thereof at $6000, with one cent damages for the taking and detention thereof.

The action could not be maintained against Comfort, who was not in possession of the property at the time of the institution of the suit. And plaintiff's

learned counsel concede that having elected to proceed under the "Sheriffs and Marshals Act," applicable to the city of St. Louis (see Rev. Stat. 1899, pp. 2550-2553) and having filed her third party claim thereunder, and an indemnifying bond having been duly given by the execution creditor, plaintiff could not maintain an action of replevin against the sheriff for possession of the property; that her remedy was upon the indemnifying bond (see Dodd v. Thomas, 69 Mo. 364; Railroad Company v. Castello, 30 Mo. 124); and that the court committed no error in instructing the jury accordingly. However, plaintiff complains of the action of the trial court in instructing the jury to the effect that the value of the property as stated in the petition and affidavit was conclusive upon the plaintiff. This is the important question involved in the appeal.

It is true, as respondent asserts, that one is ordinarily bound by the allegations of his pleading. [See Railroad v. Iron Works Co., 117 Mo. App. l. c. 164, 94 S. W. 726, and cases cited.] But the action of replevin is *sui generis,* and the application of this rule to the present case may well be doubted. There is ample authority for holding that, in any event, the allegation of value in a petition, in an action of replevin, is to be regarded as a mere matter of form in pleading (see Bailey v. Ellis, 21 Ark. 488; Hawkins v. Johnson, 3 Black (Ind.) 46; 18 Enc. Pl. & Pr. 541; Wells on Replevin (2 Ed.), sec. 680); though in some jurisdictions the allegation of value appears to be held material (see 34 Cyc. pp. 1472, 1473). Our statute requires the value to be stated in the affidavit. [Sec. 2637, R. S. 1909.] This serves to fix the amount of the replevin or the forthcoming bond, and is a necessary element of the affidavit. But we take it that it is not material that the petition allege the value. While this by no means concludes the matter before us, we are constrained to hold that the value stated in both the affidavit and petition herein should not be regarded as conclusive on the question of the value of the property at the time of the trial.

Fergusson v. Comfort.

It is undoubtedly the law in this State that the value—which is not the real issue in this action, and is assessed only for the purposes of an alternate judgment—is to be assessed as of the date of the trial. [See Richey v. Burnes, 83 Mo. 362; Hinchey v. Cook, 42 Mo. App. 230; Kendall Boot & Shoe Co. v. Baine, 46 Mo. App. l. c. 595, 596; Jennings v. Sparkman, 48 Mo. App. l. c. 252; Chemical Co. v. Nickells, 66 Mo. App. l. c. 686; Bradley v. Campbell, 132 Mo. App. l. c. 80, 111 S. W. 514.] The value stated in the affidavit and petition is at most an admission of the value at the time of the institution of the suit. It is true that if—as appears to have been conceded on the trial of this cause—there is no appreciable depreciation in the property between the time of the seizure and the day of trial, it may seem proper to give full effect to such admission to fix the value at the time of trial. But we think that to give effect to the intent and spirit of the statute, and secure a just and fair alternative judgment thereunder, nothing short of an unequivocal admission of the value at the time of the trial should be permitted to take the place of an actual assessment by the jury which the statute contemplates (see Sec. 2647, R. S. 1909), where the evidence of such value is produced, or preclude the consideration of such evidence by the jury. While the statute requires the value to be stated in the affidavit, it is not for the purpose of the assessment, and we do not believe that the statute contemplates that the plaintiff shall at his peril determine, in advance, and with precision, the value for all purposes in the case. False swearing is not to be encouraged and it is not amiss to penalize one wilfully guilty of such offense, but it does not follow that a party should be made to suffer for an inadvertent mistake or error, committed perhaps in the haste of instituting a replevin suit. Plaintiff offered to show that the value stated corresponded to the original purchase price of the property, and sought to show the circumstances under which the affidavit was made, but this was excluded. It would be an extremely harsh,

and it seems to us unreasonable, rule of law which would preclude her from showing the true facts and of offering explanation of the circumstances attending the making of the affidavit.

That the statement of the affidavit and petition constitute admissions by plaintiff respecting the value for the jury's consideration cannot be doubted; but we think that they should not be held to be conclusive, where evidence adduced shows a different value at the time of trial.

Under our statute it has been held to be competent for the jury to find the value from the sworn statement of plaintiff, making allowance for depreciation, if any, and that the plaintiff cannot complain that the jury thus accepted the value placed by him upon the property, as the basis of their assessment. [See Schultz v. Hickman, 27 Mo. App. 21.]

In Chemical Co. v. Nickells, 66 Mo. App. 678, the property had been removed from the State and no evidence of its present value was obtainable; and it was held proper to accept the value stated by plaintiff in the affidavit.

In Edwards v. Eveler, 84 Mo. App. 405, the value of certain grain was alleged by plaintiff and admitted by the answer. It appears that no evidence was adduced as to the value thereof at the time of the trial. In affirming an alternate judgment for defendant based upon such alleged value, the court said that the pleadings were conclusive as to value. But this, we think, need not be taken as an adjudication of the question before us, for it was said in a case, unlike this, wherein nothing appeared as to value beyond that stated in the affidavit and appearing in the pleadings as being the value at the institution of the suit. Under the circumstances the plaintiff could not well be heard to complain that the value thus stated was accepted as the basis of the judgment. [Schultz v. Hickman, supra.] To the extent that the language of the opinion goes further than this it may be regarded as *obiter dicta*.

There is a lack of harmony in the adjudications in other jurisdictions touching the matter in hand. To review the cases at length would be a useless task. There is much authority to support the view that a plaintiff, in a case such as this, is not concluded by the sworn value stated by him for the purpose of obtaining the writ. [See Briggs v. Wiswell, 56 N. H. 319; Jenkins v. Steanka, 19 Wis. 126; Bailey v. Ellis, 21 Ark. 488; Chicago, etc., R. R. Co. v. Packet Co., 38 Iowa 377; Gilroy v. Everson-Hickok Co., et al., 118 N. Y. App. Div. 733, affirmed in 190 N. Y. 551; Mills v. Mills, 39 Kan. 455; Susquehanna Boom Co. v. Finney, 58 Pa. St. 200; 34 Cyc. 1494, 1498, 24 Am. & Eng. Enc. 526.]

In Briggs v. Wiswell, supra, l. c. 321, 322, it is said:

"The form of the writ of replevin, as prescribed in Gen. Stats. 411 (ch. 203, sec. 18), requires the plaintiff to allege the value of the goods to be replevied, and is in this respect unlike the form in use in Massachusetts. [Lichman v. Potter, 116 Mass. 371.] The allegation is undoubtedly competent evidence upon the trial as an admission of value by the plaintiff, but I see no reason why it should be held to be conclusive as against him. What weight shall be given to the admission, is a question for the jury under all the circumstances under which it was made. If there should be any facts tending to explain the circumstances under which it was made, it would only be reasonable that the plaintiff should have the opportunity to lay them before the jury. Often, when he sues out his writ, he may not have the means of fixing the value of the property. It is not in his possession, but in that of the defendant. He may never have seen it, or, in the haste that frequently necessarily is incident to the instituting of a suit, it may be impossible for him to state the value with entire exactness. I think, therefore, it would be unreasonable to hold that he should be precluded from laying any evidence before the jury upon the question of value, because he may have been

led, for reasons that turn out not to be well grounded, to set the value in his writ higher than it actually is."

"The recitals by the plaintiff in his affidavit for the issuance of the writ of replevin, or in the replevy bond, are evidence in favor of the defendant as to the value of the property, but they are not conclusive so as to preclude the plaintiff from showing that the property is of less value, and *a fortiori* do not conclude the defendant from showing that the property is of greater value." [24 Am. & Eng. Enc. 526.]

As portraying the contrary view, see Washington Ice Company v. Webster, 62 Maine l. c. 363; Capital Lumber Co. v. Learned, 36 Ore. 544; Butts v. Woods, 4 New Mex. 343. In Weyerhaeuser v. Foster, 60 Minn. 223, it is held that the value fixed by the plaintiff in his affidavit and bond is conclusive upon him "save in exceptional cases."

We are of the opinion that the jury should have been allowed to consider the evidence adduced touching the value of the property at the time of the trial, and that it was error to instruct the jury that the value was conclusively admitted by the pleadings. This conclusion necessitates a reversal of the judgment, and we deem it unnecessary to discuss at this time other questions presented in the briefs.

The judgment is reversed and the cause remanded. *Nortoni, J.,* concurs. *Reynolds, P. J.,* dissents.