BENJAMIN ST. VRAIN, Appellant, *vs.* COLUMBIA BOTTOM LEVEE COMPANY, Respondent.

1. *Practice, civil—Trials—Evidence—Instructions.*—Where testimony is presented on both sides tending in any degree to establish the respective theories of plaintiff and defendant, it is error to take the case from the jury by instruction.

*Appeal from St. Louis Circuit Court.*

*Ira C. Terry*, for Appellant.

*M. L. Gray & Geo. Denison*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

The defendant in this case was incorporated by an act of the legislature passed March 8, 1859, with authority to "survey, locate and establish levees, ditches and embankments or other needful works," through certain tracts of land within a district in St. Louis county particularly described and bounded, and to keep such levees, ditches and embankments in use and repair. This was to be done at the cost and charges of the proprietors, and to raise the necessary funds a tax per acre, limited to $2.00, was allowed to be levied and collected. The amendatory act of Jan'y 14, 1860, gave the company more extensive powers, not only to protect the lands from overflow from the river, but " to drain and re-claim the swamp land therein, and to keep said levees, ditches and other works in good repair, at the cost and charges of the owners," etc.

The petition in this case avers that plaintiff was the owner of a tract of land within this district, and that defendant constructed the levees and embankments so unskillfully and negligently, as to cause a large body of water to be obstructed in its natural channel and forced upon plaintiff's premises, so as to injure plaintiff's farm and render wholly useless about twenty acres of it. The allegations were all denied and the parties went to trial before a jury on the issues. The plaintiff gave evidence conducing to show that the stagnation of water on his land was caused by the overflow of a spring branch ; that this overflow began in 1860, and was caused by a ditch from Lucas' Spring, and the embankment along the

foot of a hill, in a southerly direction from the spring. There was also evidence to show that this ditch was constructed by the company, or its servants; but there was a conflict of testimony on this point. It did not appear that the levees on the river bank were negligently or unskillfully built; but there was evidence to show that these embankments so obstructed the discharge of the water in the spring branch, that the ditch from the spring let in on the plaintiff's land enough water to destroy the cultivation of some twenty acres.

At the close of the plaintiff's evidence, the court instructed the jury that plaintiff was not entitled to recover. The evidence in this case was certainly very meagre, and it is difficult to form any correct conclusion as to the facts or the law arising on them. But the plaintiff had a right to go to the jury on the disputed facts, concerning which there was evidence. The instruction given took the case entirely from the jury, and although this is well enough where there is a total absence of evidence concerning some fact essential to recovery, this cannot be said here, where two or three witnesses testified that the defendant built the ditch, and that this ditch and the levee together occasioned the injury to plaintiff's land.

Judgment reversed and case remanded.