THE STATE OF MISSOURI, to use of JOHN GANNETT et al., Respondent, v. ANDREW JOHNSON et al., Appellants.

February 14, 1876.

1. After bond given by the defendant, under "An act concerning the duties of. sheriff and marshal," etc., approved March 3, 1855, the notice of plaintiff's claim cannot be objected to for insufficiency.

2. Testimony to show that a purchaser of personal property had ample means to make the purchase may be wholly unnecessary in the absence of any attempt to show the contrary. But its admission cannot prejudice the. rights of the opposite party, and will not be error.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*M. L. Gray*, for appellants, cited ; 1 Greenl. on Ev. 440, and notes ; Young *v.* McClure, 2 Watts & S. (Penn.) 147 ; Carpenter *v.* Mayer, 5 Watts (Penn.), 485 ; Hanly *v.* St. Louis Butchers, 39 Mo. 217 ; Barr *v.* Reiley, 53 Tenn. 285 ; Walters *v.* Cralls, 8 B. Mon. (Ky.) 11 ; Chase *v.* Ralston, 30 Penn. St. 541 ; Claflin *et al. v.* Rosenburg, 42 Mo. 439.

*R. E. Rombauer*, for respondent, cited : Van Sant. Pl. 239, 258 ; McMurry & Thomas *v.* Gifford, 5 How. (N. Y.) Pr. 15 ; Iron *v.* Childs, 28 Mo. 576 ; State, to use, *v.* Watson, 30 Mo. 122 ; Hill *v.* Sturgeon, 28 Mo. 323, 329 ; Hamilton *v.* Scull, Admr., 25 Mo. 165 ; State, to use, *v.* King, 45 Mo. 238, 240, 241 ; Bay *v.* Sullivan, 30 Mo. 191 ; Gonsolis *v.* Gearhart, 31 Mo. 585 ; McKay & Wood *v.* Underwood, 47 Mo. 185.

LEWIS, J., delivered the opinion of the court.

This is an action upon an indemnifying bond, under "An act concerning the duties of sheriff and marshal, etc.," approved March 3, 1855, given by defendants on account of an execution levy upon a piano as the property of John T. Fiala, which was claimed by the usee of the plaintiff. Plaintiff recovered judgment in the court below.

Defendants objected, on the trial, to the notice of plaintiff's claim, as served upon the officer, for insufficiency. The

notice does not appear in the bill of exceptions ; so that we are unable to pass upon it. At all events, the objection stated could not be raised after the bond was given. *State, use of Goldsall*, v. *Watson*, 30 Mo. 122.

The testimony tended to prove that Fiala, who formerly owned the piano, went to California, from St. Louis, in October, 1871, leaving with his wife full authority to sell or dispose of any of his personalty, but not with reference to any apprehended claims of creditors, by execution or otherwise ; that Miss Mackey, who has since intermarried with John Gannett, the plaintiff's usee, boarded with his family, and, on February 2, 1872, purchased the piano from Mrs. Fiala, for cash paid, at the price of $300, having no knowledge, at the time, of any judgments or executions existing or anticipated against Fiala ; that the defendants obtained a judgment on the 6th, and caused the piano to be levied upon on the 28th, of the same month ; that, from the time of Miss Mackey's purchase until the levy, the piano remained in the dining-room, where it had usually stood, and was there used by different members of the family, Miss Mackey being part of the time confined to her room by sickness.

Objection was made by defendant to the testimony of George W Smith, which tended to show that Miss Mackey possessed ample means to make the purchase. This testimony may have been unnecessary, in the absence of any attempt by defendants to impeach the lady's purchasing capacity, but we cannot see how it could possibly prejudice the defendants' rights, or furnish any ground of error.

Herman Block, not a dealer in pianos, testified touching the value of the instrument. This, the defendants insist, was erroneous because the witness was not an expert. No rule requires any special qualification of an expert to estimate the value of household articles in common use. In this case, however, the jury placed the value considerably below that stated by Block, and appear to have accepted

the defendant's own estimate of $300, as stated in their bond. Hence no wrong was done them in this particular.

At the instance of plaintiff, the court gave an instruction as follows, viz. :

"The jury are instructed that it is for them to determine from the evidence whether the sale of the piano to J. Isabella Mackey was accompanied by a delivery in a reasonable time, and followed by actual and continued change of possession; and that, in determining these facts, the jury must take into consideration the situation of the property."

There was no error in this instruction. It closely adheres to the spirit of the statute, and adopts its language as nearly as that may be applied to the case in hand. Wag. Stat. 281, sec. 10. *State, use of Heed,* v. *King,* 44 Mo. 238.

Upon the prayer of defendants, the court instructed as follows :

"Unless the jury are satisfied from the evidence that Miss Mackey took and had actual possession of the piano in question; that the change of possession was visible, continuous, and exclusive as against John T. Fiala and his family—such a change as to indicate to persons visiting his house and family that said Fiala and his family had no longer control of said piano—they are instructed by the court that, as against creditors, the said sale was fraudulent and void, even though they believe from the evidence that said sale from Fiala to Miss Mackey was in good faith and for a valuable consideration. And, if they further believe that Johnson and Sawyer were creditors of said Fiala at the date of said sale, the jury will find for the defendants."

This, to say the least, contained every legal element that could be advanced in favor of the defendants. It might, in my opinion, have been pruned no little, without excision of any of their legal rights. Other instructions asked for by defendants were properly refused. These ignored all reference to the situation of the property, as affecting the question of reasonable time for the delivery, and assumed that,

in order to the validity of the sale, the piano should have been instantly removed from its former position, and placed, in effect, beyond access by the members of Fiala's family. The law contemplates no such hasty repudiation of the amenities of the household, for any purpose. At all events, it admits a possibility of their preservation consistently with good faith in the transaction. Appellants insist that there was no evidence whatever of an "actual, visible, and continuous change of possession." This may be true; but the jury may have found, nevertheless, that, between Miss Mackey's purchase and the levy, a reasonable time for such change had not elapsed, regard being had to the situation of the property.

We find in the record no error of which the appellants can justly complain. The other judges concurring, the judgment is affirmed.