CLOTWORTHY v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Practice:** DEMURRER. Where evidence is presented on both sides tending in any degree to establish the respective theories of plaintiff and defendant, it is error to take the case from the jury by instruction.

2. **Railroads:** NEGLIGENCE. If a train does not stop, an attempt of a passenger to get off would, perhaps, constitute such contributory negligence as would preclude a recovery. But, if it stops for a moment, or moves so slowly as to be almost imperceptible, it will be for the jury to say whether it is such negligence as will preclude a recovery.

3. —— : ——. Where a train stops long enough for a passenger to conveniently get off, and, without the fault of the company's servants, he fails to do so, and the conductor, not knowing and having no reason to suspect that he is in the act of alighting, causes the train to start while he is so alighting, the company will not be liable.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

The demurrer to the evidence should have been sustained. *Burrows v. Erie R'y Co.,* 63 N. Y. 556; Bonney on R'y Carriers, p. 132. Plaintiff's third instruction as to the measure of damages is erroneous. Thompson on Car. of Pass., § 23, p. 570.

*W. H. Sears* with *Dysart & Mitchell* for respondent.

The instructions taken as a whole are more liberal for defendant than authorized by law. *Swigert v. Railroad Co.,* 75 Mo. 475; *Straus v. Railroad Co.,* 75 Mo. 185; *Kelly v. Railroad Co.,* 70 Mo. 604; *Doss v. Railroad Co.,* 59 Mo. 27; *Smith v. Railway Co.,* 61 Mo. 588; *Barton v. Railroad Co.,* 52 Mo. 253. Plaintiff's instruction on damages correctly states the law. *Whalen v. Railroad Co.,* 60 Mo. 323; 3 Sutherland on Damages, 259, 268.

EWING, C.—Suit for damages for personal injury by being thrown from a car by negligent and careless starting of the train before plaintiff could get off. That the train stopped too short a time for plaintiff to get off safely. That as soon as the train stopped plaintiff, with all due diligence, proceeded to get off, but before she could reach the platform the train suddenly started, whereby plaintiff was violently thrown upon the platform, by reason of which carelessness, etc., plaintiff was " greatly wounded, bruised, hurt and made sick, as well as greatly frightened and terrified, and continues to suffer great pain and distress by reason of the wounds and bruises so received." The answer was a general denial after admitting the incorporation of the defendant. There was a verdict and judgment for the plaintiff for $1,000, and the defendant appeals to this court.

The plaintiff asked three instructions, as follows :

1. If the jury believe from the evidence that the plaintiff was a passenger on defendant's cars, and that said

cars were stopped at a station for the purpose of letting plaintiff and other passengers get off the cars, and that plaintiff proceeded to get off the cars when the train stopped, but that defendant's agents and employes started and put said train in motion before plaintiff had time to get off, and while she was in the act of getting off, whereby she was thrown down and damaged, then they should find for the plaintiff.

2. If the defendant's agents and employes stopped the train at a station, and plaintiff started to get off, then it was negligence in defendant to start said train before she got clear of the cars, upon the depot platform.

3. In assessing the damages, the jury are not restricted to the mere pecuniary loss. They should take into consideration the age and situation of the plaintiff, her bodily suffering and mental anguish resulting from the injury received, the extent and permanency of her injury, and the extent to which she is disabled to make a support for herself and family, but in no case should the damage exceed $5,000.

The court then, on its own motion, gave instructions four and five, to-wit:

4. If the jury believe from the evidence the plaintiff attempted to get off the train while it was in motion, then she was guilty of such negligence as to preclude her recovery in this action, no matter whether the train stopped at all, or only for a moment.

5. But if the jury believe from the evidence the train came to a full stop, and that while the plaintiff was in the act of getting off, without notice or warning, it started up before giving her reasonable time to get off, and injured her, then the jury should find a verdict for plaintiff.

The defendant offered no evidence, and when plaintiff rested asked the court to instruct the jury that, " admitting all the evidence offered by the plaintiff to be true, the verdict must be for the defendant."

I. The appellant insists that the judgment must be

reversed for failure to give this instruction. That the evidence shows that the train did not stop at all, and if so, the plaintiff was guilty of such contributory negligence as will preclude her recovery; or if it did stop, it stopped one minute, which was a sufficient length of time for plaintiff to get off safely. The evidence tends strongly to prove that the train did stop; that it came to a stand-still, but started immediately. One witness swearing that the conductor "jumped off with his face west, and he jumped off in a kind of a run and threw up his hands and hallooed ' all aboard.' At that time he was five or six feet west of her." This same witness also said he had seen the train stop there many times, and on this occasion " it did not stop the usual length of time." The evidence is somewhat conflicting as to whether the train stopped or not, but all agree that the halt or stop was a very brief and unusual one. There was ample evidence on this question to go to the jury, and the court did not err in overruling the demurrer. *Kelly v. Hann. & St. J. R. R. Co.*, 70 Mo. 604; *Cook v. Hann. & St. J. R. R. Co.*, 63 Mo. 398; *Tutt v. Cloney*, 62 Mo. 116; *St. Vrain v. Columbia, etc., Co.*, 56 Mo. 590.

II. The first instruction given for the plaintiff is not objectionable. It fairly submitted to the jury the questions they were to consider. The fourth given on motion of the court is broader against the plaintiff than is warranted by the law. If the train did not stop at all, or make a halt, an attempt of a passenger to get off would, perhaps, constitute such negligence as would preclude a recovery. But if it stopped only for a moment, and was moving so slightly, as to be almost imperceptible, then it would be for the jury to say whether it was such negligence as would preclude a recovery. *Straus v. K. C., St. J. & C. B. R. R. Co.*, 75 Mo. 185, and authorities there cited; *Swigert v. Hann. & St. J. R. R. Co.*, 75 Mo. 475. The fifth instruction given on motion of the court is rather ambiguous. It ought to show more clearly that plaintiff proceeded to get off when the train stopped, and that reasonable time, under all the circumstances, was

not given from the time the train came to a halt. These instructions are, perhaps, not fatally defective, but in the event of a new trial it would be well that the views of this court be understood. *Swigert v. Hann. & St. J. R. R. Co.,* *supra* ; *Straus v. Kansas City, St. J. & C. B. R. R. Co.,* *supra.*

The second instruction given for the plaintiff is fatally defective. We understand the rule to be that " if the train was stopped a sufficient length of time for the plaintiff to conveniently alight, and without fault of defendant's servants she failed to, do so, and the conductor, not knowing and having no reason to suspect that plaintiff was in the act of alighting, caused the train to start while she was so alighting, then the defendant would not be liable." *Straus v. Kansas City, St. J. & C. B. R. R. Co., supra.* The second instruction ignores these conditions altogether, but announces the broad doctrine that if the train stopped and plaintiff undertook to get off, it was negligence to start the train before she got off. This is not the law. This instruction must be qualified.

The judgment is reversed and the cause remanded for the error of giving the second instruction. All concur.