## RICHEY, *Appellant*, v. BURNES.

1. **Question for Jury:** SALE. Whether or not a sale of personal property was a conditional one, where the evidence as to such fact is conflicting, is a question for the jury.

2. **Replevin:** VALUE OF PROPERTY. In replevin the value of the property at the time of the assessment is the value to be found by the jury.

*Appeal from Buchanan Circuit Court.*—HON. W. H. SHERMAN, Judge.

REVERSED.

*Thomas & James* for appellant.

The transaction between Richey and Burnes was not an absolute sale but depended on Stumpff's exchanging his house and lot for the mining stock. Where a sale depends on condition no title passes until the condition has been performed. *Ridgeway v. Kennedy*, 52 Mo. 24; *Barrow v. Coles*, 3 Camp. 92; *Rogers v. Whitehouse*, 71 Me. 222; Benjamin on Sales (4 Amer. Ed.) secs. 366, 392, 425. If possession of chattels be delivered under a contract of sale dependent upon a condition to be performed the right of possession under such contract ceases upon a refusal to perform the condition, or failure to

perform within a reasonable time after a demand thereof, and the seller may recover possession thereof by replevin. *Wagner v. Franklin*, 70 Mo. 659; *Sumner v. Cottey*, 71 Mo. 125, and authorities there cited. Richey waited a reasonable length of time for Stumpff to perform the condition upon which the sale depended. Whether the sale was conditional or unconditional depends upon the intention of the parties to the contract. *Freeland v. Mitchell*, 8 Mo. 487; *Turner v. Mellier*, 64 Mo. 536. The instruction is erroneous in that it told the jury to assess the value of the property at the time it was taken, instead of at the time of the trial. *Mix v. Kepner*, 81 Mo. 93.

*Woodson, Green & Burnes* and *Ramey & Brown* for respondent.

(1) The answer in this case puts the averments of the petition in issue, and then alleges title in the respondent. The *onus* of proof was on the appellant to establish his title to the property in controversy, and to show the wrongful detention of it by respondent. See *Morgner v. Biggs*, 46 Mo. 65; 2 Greenleaf's Evidence, secs. 561 and 563. (2) The testimony introduced by the appellant clearly showed that the appellant at the time he commenced this suit was not the owner or entitled to the possession of the property, and it utterly failed to show the wrongful detention of it by respondent; therefore, it was the duty of the trial court to instruct the jury to find for the defendant. See 2 Greenleaf's Evidence, section 561; *Morgner v. Biggs, supra; Holman v. Railroad Co.*, 62 Mo. p. 562 and cases cited. (3) In replevin, where the verdict is for the defendant, the measure of damages is the value of the property when taken, with six per cent. interest to the time of trial. See *Woodburn v. Scott*, 39 Mo. 222. (4) Where there is a sale and delivery of personal property the court will not infer that it was on condition. Condition like war-

ranties must be proven by the party relying on them. *Bronson v. Turner*, 77 Mo. 489. (5) The evidence fails to show a conditional sale, nor is there any pretense that respondent was guilty of fraud or false representations.

Ewing, C.—Plaintiff brought suit to recover the possession of certain personal property of the alleged value of four hundred dollars. Burnes answered, denying the allegations of the petition; alleged himself to be the owner of the property, and demanded a return thereof.

After all the evidence was in, the court gave the following instruction, at the instance of the defendant:

"The jury are instructed that under the pleadings and evidence in this case they will find for the defendant, and the jury will, also, assess the value of the property taken at the time, to-wit: the 19th day of April, 1881, as shown by the evidence in this case, the damages for the taking and detention of the property are nominal only, and for such damages the jury in their verdict will return a nominal sum." Under this instruction the jury returned a verdict for the defendant and assessed the value of the property at three hundred and fifty dollars.

I.   This instruction amounted to a demurrer to the evidence and in our opinion was erroneous. The plaintiff's evidence tended certainly to show a conditional sale. Whether sufficient to establish that fact or not, is not in the province of this court nor of the circuit court to say.   The plaintiff testified that he made the trade "upon the condition that Stumpff would take the mining stock and give me one hundred and fifty dollars, and the house and lot subject to the mortgage." There was other evidence which tended to show a different state of facts, and it was the province of the jury to pass upon the facts and find the truth.

In *Kelly v. H. & St. J. R. R. Co.*, 70 Mo. 604, it is said:   "In a case where there is no evidence to sustain

a material allegation there is nothing for the jury to consider and the court may so declare. But when the facts are disputed, or the credibility of witnesses is drawn in question, or a material fact is left in doubt, or there are inferences to be drawn from facts proven, the case, under proper instructions, should be submitted to the jury. It is for the jury, and not the court, to pass on the weight of evidence, where there is any evidence." *Cook v. H. & St. J. R. R.*, 63 Mo. 398; *St. Vrain v. C. B. L. Co.*, 56 Mo. 590; *Tutt v. Cloney*, 62 Mo. 116; *Holliday v. Jones*, 59 Mo. 484.

II. The court erred, also, in giving the instruction directing the jury to assess the value of the property at the time it was taken. "The value of the property at the time of the assessment is the value to be found by the jury." *Mix v. Kepner*, 81 Mo. 93; *Chapman v. Kerr*, 80 Mo. 158; *Pope v. Jenkins*, 30 Mo. 528

The judgment of the court below is reversed and the case remanded. All concur, except Hough, C. J., absent.