JOSEPH HOESTER, Appellant, v. JOSEPH TEPPE, Respondent.

St. Louis Court of Appeals, June 14, 1887.

REPLEVIN—MEASURE OF DAMAGES.—In actions of replevin, the value of the property, which the jury must ascertain, is its value at the date of the trial.

APPEAL from the St. Charles County Circuit Court, W. W. EDWARDS, Judge.

*Reversed and remanded.*

LOUIS H. BREKER and THEO. F. McDEARMON, for the appellant: The jury should have been instructed to

assess, and they should have assessed, the value of the property at the time of making the assessment. *Richey v. Burns*, 83 Mo. 362; *Mix v. Kepner*, 81 Mo. 93; *Chapman v. Kerr*, 80 Mo. 158; *Pope v. Jenkins*, 30 Mo. 528. The value of the property exceeded the justice's jurisdiction. *Moore v. Sandusky*, 46 Mo. 377; *Butler v. Ivie*, 30 Mo. 479; *Scott v. Russell*, 39 Mo. 407; *Shoales v. Freeman*, 81 Mo. 542. The true measure of damages is six per cent. on the assessed value of the property, and any damage or depreciation in value, occasioned by the acts of the plaintiff. *Hutchins v. Buckner*, 3 Mo. App. 594; *Jackson v. Allen*, 12 Mo. App. 566; *Pope v. Jenkins*, 30 Mo. 528; *Woodburn v. Cogdal*, 39 Mo. 222; *Miller v. Whitson*, 40 Mo. 97.

C. DAUDT, for the respondent: The appellant complains of the admission of the defendant's testimony on the measure of damages. The only evidence introduced was as to the value of the use of the mules, during their detention by the plaintiff. The appellant insists that the true measure of damages is six per cent. on the assessed value of the property. The contrary doctrine is held in *Pope v. Jenkins* (30 Mo. 528), in which case the holder, in the event of failure, is expressly held liable for hire. The decisions cited by the appellant in 39 Mo. 222 and 40 Mo. 97, have been expressly overruled in *Chapman v. Kerr* (80 Mo. 158), and the doctrine in *Pope v. Jenkins*, reinstated. *Mix v. Kepner*, 81 Mo. 93; *Burkeholder v. Rudrow*, 19 Mo. App. 61; *M'f'g Co. v. Bean*, 20 Mo. App. 110.

LEWIS, P. J., delivered the opinion of the court.

Replevin was instituted before a justice of the peace for the recovery of two mules and harness, one two-horse wagon, and three chairs. The property was taken by the constable from the defendant, and delivered to the plaintiff. The value was stated in the complaint at one hundred and fifty dollars, and damages for the detention

at fifty dollars. Before the justice, the defendant moved to dismiss, for want of jurisdiction. This motion was overruled, and the plaintiff thereupon, by leave of the justice, struck out from his complaint the claim for fifty dollars damages. Judgment was given for the defendant, and the plaintiff appealed.

In the circuit court, the plaintiff's testimony tended to show that he and the defendant, being about to go into farming together, visited St. Louis, where the plaintiff purchased, and paid for, five mules, including the two here sued for, the harness, and the wagon. The defendant's testimony tended to show that it was he, and not the plaintiff, who bought the mules in controversy. The jury found in their verdict that the plaintiff was owner of the wagon, and entitled to its possession, but was not the owner, or entitled to possession of the other property. The value of the articles thus awarded to the defendant was assessed at two hundred and seventy dollars, and his damages at one hundred and fifty-two dollars. The court, of its own motion, gave, with other instructions, the following:

"If the finding be for the plaintiff, the form of the verdict will be: We, the jury, find that the property described and taken by the writ was the property of the plaintiff at the commencement of this suit.

"And if the finding be for the defendant the form of the verdict will be: We, the jury, find that the property described and taken by the writ was not the property of the plaintiff at the commencement of this suit; that the value of such property at the time of the taking was $——; and that the defendant has sustained damages in the sum of $——, on account of the taking and detention.

"And the jurors are instructed that if, under the instructions and evidence, some of the property is found to be the property of the plaintiff, and some of the defendant, then the verdict must so specify, and may be in

the following form : We, the jury, find that the following property was the property of the plaintiff at the commencement of the suit (here describe that part of the property described and taken by the writ, and found to be the property of the plaintiff) ; and we, the jury, find that the following property was not the property of the plaintiff at the commencement of the suit (here describe that part of the property described and taken by the writ, and found not to be the property of the plaintiff) ; that the value of such property, at the time of the taking, was $———; and that the defendant has sustained damages in the sum of $———, on account of the taking and detention.

These instructions erroneously directed the jury to find the value of the property at the time when it was taken from the defendant. Such was the rule sanctioned by our Supreme Court in earlier cases, but the later decisions disapprove of that view, and hold that the jury must declare the value at the time of their assessment. If there has been a depreciation in the value since the taking, this is to be included in the estimate of damages. *Chapman v. Kerr*, 80 Mo. 158 ; *Mix v. Kepner*, 81 Mo. 93 ; *Richey v. Burnes*, 83 Mo. 362. Counsel for the defendant argues that this error should not avail the plaintiff for a reversal, because his method of examining witnesses at the trial implied that the law was as stated in the instructions, whereby the court was misled into an erroneous understanding of the rule. The testimony is preserved in narrative form, so that it does not appear what questions were put to the witnesses. But if the fact was as stated, this would not cure the error. The court was bound to give the law correctly to the jury, whatever might be the views of counsel. The plaintiff did not ask for the instructions, and there is no reason why he should be held to them.

This error demands a reversal of the judgment, which is, therefore, ordered, and the cause is remanded for further proceedings. All the judges concur.