WILLIAM P. BAIRD *et al.*, Respondents, v. JOHN P.
TAYLOR, Appellant.

### St. Louis Court of Appeals, April 24, 1888.

REPLEVIN—DAMAGES OR VALUE.—A judgment for the plaintiff in
replevin, when the property is in his possession, may award him
the damages assessed for the wrongful detention, but will be erron-
eous if it award to him, as an alternative of possession, the assessed
value of the property.

APPEAL from the Dunklin Circuit Court, HON.
JOHN G. WEAR, Judge.

*Reversed and judgment.*

HOUCK & KEATON, for the appellant:  In this case
since the plaintiffs already had the cotton, when the
officer should execute this judgment he would be com-
pelled to collect from the defendant the value of the
cotton, as it was impossible to take the cotton from the
defendant and deliver it to plaintiffs.  The error com-
plained of appears upon the face of the record proper,
consisting of the statement, affidavit, and bond filed

before the justice, the order of delivery and the return of the officer thereon, and the judgment of the circuit court. The court will reverse for errors complained of appearing on the face of the record, although the motion for new trial, evidence, etc., are not properly before the court. *State v. Griffith*, 63 Mo. 545; *Bagby v. Emerson*, 79 Mo. 139; *Funkhouse v. Mallen*, 62 Mo. 555; *Peltz v. Eichele*, 62 Mo. 171; *Pendergrast v. Hodge*, 21 Mo. App. 138; *McIntyre v. McIntyre*, 80 Mo. 470.

HENRY N. PHILLIPS, for the respondent.

PEERS, J., delivered the opinion of the court.

This is an action in replevin for one bale of lint cotton of the value of forty-six dollars, commenced before a justice of the peace in Dunklin county. The plaintiffs had judgment and the defendant appealed to the circuit court where, upon trial, the court rendered judgment for plaintiffs for the recovery of the bale of cotton replevied, or in lieu thereof the sum of forty-six dollars, the value of said cotton, together with their costs and charges.

The record before us contains no bill of exceptions, no such bill being offered or filed by the appellants, or signed and allowed by the court, as required by statute.

It is evident from an examination of the record that the judgment of the lower court is erroneous in this : It is for the recovery of the property, or in lieu thereof the assessed value of the property. This would be correct if the property were in the possession of the defendant, but being in possession of the plaintiffs, this rule does not apply.

"If the defendant have not the property in possession, the court or jury shall assess the damages (for the wrongful detention) and the judgment shall be against the defendant and his securities for the damages so assessed, and costs of suit." Rev. Stat., sec. 3857.

The possession of the property in this case was with the plaintiffs, and the judgment being for them, they were entitled to retain the same, and to have judgment for such amount as the evidence shows they were damaged by reason of the wrongful detention of the property by the defendant.

As no good reason exists why the case should be remanded, the judgment of the circuit court will be reversed, and judgment entered in this court for plaintiffs for the possession of the property and one cent damages for the wrongful detention thereof.

All the judges concurring, it is so ordered.