Willison v. Smith.

---

C. N. WILLISON, Appellant, v. DAVID S. SMITH *et al.*, Respondents.

St. Louis Court of Appeals, January 15, 1895.

1. **Replevin:** JUDGMENT. The judgment in an action of replevin need not conform to the statute; it may be modified to meet the equities of each case.

2. ——: ———. When the property in controversy in an action of replevin consists of a number of articles, and they have been received by the plaintiff under the order of delivery, and afterwards, and long before the trial, they are sold by him and dispersed so as to render it impracticable to determine their value at the time of trial, the *verdict* may assess their value at the time of the taking thereof from the defendant as in an action for the conversion of the goods.

3. **Witnesses:** COMPETENCY TO VALUE OF HOUSEHOLD FURNITURE. No special qualification as an expert is necessary to make the estimate of a witness as to the value of household furniture competent evidence.

4. **Practice, Trial:** ARGUMENT OF COUNSEL. When an attorney, in his argument to the jury, goes outside of the evidence, but is properly admonished by the trial court and thereon desists, his conduct is not ground for disturbing the verdict.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Edmond A. B. Garesche* for appellant.

(1) In view of the fact that, previous to being asked, neither of the defendants had qualified themselves to testify upon the question of value, the trial court erred in permitting them to testify as to the value of the property taken. *Stevens v. Springer*, 23 Mo. App. 375, 385; *Miller v. Bryden*, 34 Mo. App. 607; *Gourley v. Railroad*, 35 Mo. App. 87. (2) The instruction given by the court upon the measure of damages was clearly erroneous. It told the jury to assess the value of the property taken at the time taken, and to add to this value interest at the rate of six per cent. per annum to date of trial. *Schultz v. Hickman*, 27 Mo. App. 21; *Hoester v. Teppe*, 27 Mo. App. 207; *Anchor Milling Co. v. Walsh*, 20 Mo. App. 107; *Miller v. Bryden*, 34 Mo. App. 607; *Chapman v. Kerr*, 80 Mo. 158; *Mix v. Kepner*, 81 Mo. 93; *Richey v. Burnes*, 83 Mo. 362.

*Robert W. Goode* for respondent.

BIGGS, J.—The defendants are husband and wife. On the twenty-fourth day of June, 1890, they borrowed of the plaintiff's assignee $81.25, for which they executed their note, payable one month after its date. To secure this loan they executed a chattel mortgage on their household effects. On the sixth day of August, 1891, the plaintiff, as the holder of the note and mortgage, instituted the present action before a justice of the peace to recover possession of the mortgaged property. He gave bond, and the property was seized under the writ and delivered to him. On a trial in the circuit court, where the case had been taken by appeal, the evidence of the defendants tended to prove that the loan had been extended from time to time upon the payment of a bonus, and that on the twentieth day of June, 1891, the loan was thus extended for sixty days from that date.

The jury were instructed that, if they found that this was the agreement and that it was founded on a valuable consideration, then the suit was prematurely brought and the finding should be for the defendant. The jury were further instructed "that if, under the evidence and instructions given, they find in favor of defendants, then they will assess defendants' damages at such sum as they find, and believe from the evidence was the reasonable value of the property taken *at the time taken*, and from this sum they will deduct the amount they find from the evidence then remained unpaid on the note in question, and return a verdict in favor of defendants for the balance, if any. If there is no such balance, then your verdict will be for the plaintiff. If the jury so find any such balance in favor of defendants, they may add thereto, as part of their

damages, interest thereon at the rate of six per cent. per annum from the date of the taking of said property to this time." The jury found the issues for the defendants, and they also in their verdict assessed the value of the property at $200, and the balance due on the note they found to be $90.05, which amount, deducted from the assessed value of the property, left a balance of $109.95. On this amount $18.15 was allowed as interest, making a total finding in favor of the defendants of $128.10, for which judgment was entered against the plaintiff and his sureties in the replevin bond.

The plaintiff insists that the instruction of the court as to the measure of damages is erroneous, in that it directs the jury to assess the defendants' damages at the value of the property taken *at the time it was taken*. The general rule in this state is that, when either the plaintiff or the defendant in a replevin suit has the property in his possession and the finding is against him, the value of the property should be assessed as of the date of the trial. The reason for the rule is that the usual or statutory judgment under such facts is that the prevailing party have judgment for the return of the property, or the payment of its assessed value, at his election. Therefore, the equities of the statute require that the value of the property be assessed at the date of the trial, and not at the commencement of the action. And for the depreciation in value, if any, after the seizure, the prevailing party is supposed to be compensated in his recovery of damages for the detention of the property. *Pope v. Jenkins*, 30 Mo. 528; *Schultz v. Hickman*, 27 Mo. App. 21; *Hoester v. Teppe*, 27 Mo. App. 207; *Anchor Milling Co. v. Walsh*, 20 Mo. App. 107; *Chapman v. Kerr*, 80 Mo. 158; *Mix v. Kepner*, 83 Mo. 362; *Richey v. Burns*, 83 Mo. 362.

But the foregoing decisions, and also the statute itself, contemplate that the party in possession of the property will have it at the trial to abide the judgment of the court. When it has thus been preserved, its value at the trial can be determined by actual inspection. But, suppose it has been sold or otherwise disposed of, how is it possible to ascertain its present value? And how can the court carry into effect the statutory judgment of a return of the property or its assessed value, as the prevailing party may elect? A judgment of this kind under such circumstance would be a farce. Judge NAPTON recognized this absurdity in the case of *Pope v. Jenkins, supra,* where the general rule, as above stated, was first declared in this state. The learned judge, after stating the rule and the reasons for it, concluded his opinion as follows: "If the death or depreciation in value be occasioned by the act or culpable negligence of the defendant, or he has, after giving bond for their forthcoming to answer the judgment of the court, disposed of them to another, *the question is materially varied.* We confine ourselves to the case before us."

The present action was begun in August, 1891. Soon afterwards the plaintiff sold the property, which consisted of many articles of household goods, at public auction. How was it possible under such circumstances to determine the value of the property at the trial, which occurred more than three years after the sale? We think that the court pursued the only sensible course. It admitted evidence of the value at the time the property was taken out of the possession of the defendants, and it directed the jury that the defendants' measure of damage was the value of the property at that time. *The plaintiff voluntarily sold the goods, and he ought to answer as for their conversion.* The judgment in replevin need not conform to the

statute. It may be modified by the facts and circumstances in each case, so as to meet its equities. As was said by the same learned judge in his opinion in the case of *Dilworth v. McKelvy*, 30 Mo. 149: "The statute (replevin) is a general one, designed to meet all the exigencies which the old action of replevin did, and the equity of its provisions will embrace these modifications of the forms in which judgments should be entered."

Objection is made to the testimony of the defendants as to the value of the goods. It is insisted that they were not qualified to speak on the subject. Mrs. Smith testified that she knew what the goods actually cost, and had some knowledge of the value of second-hand furniture; that she had bought second-hand furniture, and had often assisted her friends in making such purchases. The husband testified that he had a general knowledge of the value of second-hand furniture, but his estimate of the value was based chiefly on the original cost of the furniture when new. He said that he and his wife bought the furniture, about five years before its seizure, for $400; that it had been exceedingly well cared for, and that he considered it worth $200 at the time it was taken from him.

We are of the opinion that the testimony of both witnesses was properly admitted. The court in the case of *State to use v. Johnson*, 1 Mo. App. 219, held that no special qualification as an expert was necessary to make the estimate of a witness, as to the value of household furniture, competent evidence. The testimony of the husband, as to the value of the furniture, was not based solely on the original cost of the articles. He stated other facts and circumstances, such as the date of the purchase, and the manner in which the property had been used.

In the argument of the case, the counsel for

the defendants traveled outside of the evidence, but he was properly admonished by the court. Where the proper rebuke has been administered, and the offense is not persisted in, an appellate court ought not to disturb a verdict for such cause.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. All the judges concur.