## JAMES D. HANLON, Respondent, v. LOUIS P. GOODYEAR et al., Appellants.

**Kansas City Court of Appeals, December 7, 1903.**

1. **REPLEVIN: Possession of Corn Land: Instruction.** An instruction set out in the opinion relating to the possession of land which would carry with it the title to corn grown thereon, is considered and approved and its refusal held, reversible error.

2. ————: **Damages: Possession of Goods: Instruction.** Where in replevin the goods are delivered to the plaintiff, on the trial he is not entitled to an instruction telling the jury to allow him the reasonable market value of the goods, but only to damages for the taking and detention of them by the defendant.

3. ————: **Second Replevin: Damages.** In passing upon the question of plaintiff's damages in a replevin suit, the fact that the defendants may have instituted a like suit against plaintiff should not influence the recovery of damages, since the damages for such second suit can be taken care of in that action.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

*George W. Day, Wilson & Wilson* for appellants.

(1) There was no evidence that plaintiff was ever in possession of the east half of the land. The most claimed by him is that he planted the crop there. Merely planting the field while Sills was in the actual occupancy of the land, though done with his consent, was not a possession of it. Plaintiff did not claim to own the land on which the corn grew, hence he should have been held strictly to the proof of every element necessary for an intruder to recover. Possession at the time of planting, as well as at the time of severing from

the soil, is one of these. Edwards v. Eveler, 84 Mo. App. l. c. 410. (2) Even if plaintiff planted the crop for himself, he did so with knowledge that Sills' possession of that portion terminated by the enforcement of the injunction. This actually occurred before the crop was matured and harvested, which brings the case within the principle announced in Salmon v. Fewell, 17 Mo. App. 118; Gossett v. Drydale, 48 Mo. App. 430; Davis Bros. v. Callahan, 66 Mo. App. 173. (3) If, however, he planted it for Sills—and the evidence warranted such an inference—he could not claim the crop upon any ground on which the law allows an intruder to take the crop. (4) The court erred in giving instruction 5 for plaintiff and by its alternative judgment of possession or assessed value. By this instruction the jury were told to assess the value of the property. The jury should have been directed to find the damages only as provided in R. S. 1899, sec. 4476; Baird v. Taylor, 30 Mo. App. 580.

*Noyes, Heath & Walls,* and *Sidney Berry* for respondent.

(1) On the second contention on the part of the appellant, the entire evidence, uncontradicted and undisputed, shows that all the corn taken was planted by Hanlon on the part he had in possession. (2) The third contention on the part of appellants was fully submitted to jury by defendant's instruction No. 3, and plaintiffs' instructions No. 1 and No. 2, and by them determined. In the case of Davis Bros. v. Callahan, 66 Mo. App. 173, cited by appellants, the plaintiff in that suit was put out of possession under writ before the corn matured and was gathered; in this case the plaintiff was never put out of possession. (3) In the fifth contention, the respondents understand the law to be that no possession of realty, unless it is acquired peaceably and

· lawfully, could justify an adverse holding by defendant. Instructions three and four were properly modified, because the possession taken and maintained by force of arms was not a lawful possession. Crain v. Murry, 76 Mo. App. 552; Wamsganz v. Wolff, 86 Mo. App. 205; Rochester v. Gate City Mining Co., 86 Mo. App. 451. (4) Appellants, in sixth item, complain of plaintiffs' instruction No. 3. The instruction was properly given. Crain v. Murry, and Wamsganz v. Wolff, above cited.

SMITH, P. J.—This is an action of replevin which was brought to recover the possession of 250 bushels of corn. There was a trial in the circuit court, into which the cause was removed by appeal, which resulted in judgment for plaintiff, and defendants appealed.

During the progress of the trial the defendants offered in evidence the record of a decree of the circuit court which recited and showed that in a certain suit in equity wherein one John Sills was plaintiff and Goodyear—one of the defendants in the present action—was defendant, which was to the effect that whereas the said Goodyear had in an action of forcible entry and detainer recovered judgment against said Sills for the possession of the lands upon which the corn was grown which is the subject of the present action of replevin, and whereas further the said Sills under the writ issued on that judgment had been put out and the said Goodyear put in possession of said lands, and whereas also further the said Sills after he was so put out of possession had re-entered and taken possession of a small portion of said tract and threatened to extend his possession to the entire tract, and was threatening to do personal violence to any person whom Goodyear should put in possession, and was intimidating the latter and those whom he sought to put in possession from continuing the possession given such latter under the said writ, etc., that therefore an injunction be awarded against the said the former—Sills—enjoining and inhibiting him from en-

tering upon the said land or any part thereof and from in any wise interfering or intermeddling with the possession and enjoyment thereof by the former—Goodyear—his tenants and servants, etc.   Sills v. Goodyear, 80 Mo. App. 128.   The undisputed evidence shows that notwithstanding the foregoing decree that Sills interfered and intermeddled with the possession of Goodyear, one of the defendants herein, and thus brought himself into contempt of the said decree for which he was under an order of the court arrested and confined in the county jail.   The plaintiff adduced evidence tending to prove that just before the arrest of Sills, the plaintiff, for Sills ploughed and planted in corn the part of the land to which the inhibition of the injunctive process extended.   There was further evidence tending to prove that as soon as Sills was arrested and removed from the land that the defendant Goodyear again entered and put the other defendants in possession.   Plaintiff was in possession of the west half of the land under Sills, but the decree extended only to the east half to which Sills had made some claim and from which he had been ejected under the writ in the forcible entry and detainer case and from which, later on, he had been removed when arrested for his contempt.   The plaintiff undertook to plant and cultivate not only the west half but the east half as well.   It may be fairly inferred from his attempts to cultivate the east half that he was acting for and in behalf of Sills.   The conduct of both plaintiff and Sills in interfering with the possession given Goodyear under the writ was such as to show the existence of a relation between them justifying the admission of the decree in evidence in the present case.

By the decree it appears that the defendant was in the possession of the east half and that both Sills and plaintiff acting in concert interfered with that possession.   It was as admissible in this action as if Sills had been a party to it.

In this connection it may be stated that we think the

tenth instruction requested by the defendants should have been, as it was not, given. It in substance told the jury that even if plaintiff planted the corn in question, yet if they further "find and believe that, at the time of so doing, John Sills was in possession of the east half of the land on which said corn was raised and plaintiff was in possession of the west half of it; that the defendant Goodyear was one of the owners of said land; that the portion planted on said east half was intended for said John Sills and plaintiff planted it for him; that the possession aforesaid was continued by Sills and plaintiff up to the time when said Sills was taken off of said land; that defendant Goodyear entered upon and took possession of said east half as soon as said Sills was taken away, and tended the corn and cut and shocked it, and that all, or some portion of the corn sued for in this action was raised on said east half, then the plaintiff can not recover for any corn which you may you believe was raised on said east half, and in such case it will make no difference that you may believe that Hanlon, the plaintiff, was prevented from cultivating and harvesting the corn on said east half by force used by defendants." No other instruction was given that submitted the case on a like theory. Defendants were clearly entitled to a submission of the case on the theory of this instruction.

The evidence presented by the abstracts discloses the fact that the corn replevined by the constable under the writ was delivered to the plaintiff and that there was no redelivery of it to defendants. On this evidence the plaintiff was not entitled to the fifth instruction given at his request, which told the jury that if it found the property sued for was not in possession of either plaintiff or defendants but had been disposed of by the defendants, then if it found for plaintiff for the possession of the property to assess a reasonable market value of the corn and fodder at such sum as it should believe the same to be reasonably worth, not to exceed $150 and also such damages as would cover all injuries to the property not

to exceed $100. The verdict of the jury was that the plaintiff was entitled to possession, that the value of the property was $150 and that the damages occasioned by the injury to it and for the taking and detention was $30.50. This instruction told the jury that if it found for plaintiff for the possession of the corn to assess a reasonable market value of it at such sum as it should be reasonably worth. The submission of the question of market price was erroneous for the reason that the plaintiff was given the possession of the corn under the writ. It was not redelivered to the defendants. It is therefore obvious that the value of the corn was not an element of damage to be considered by the jury. Revised Statutes, section 4476; Baird v. Taylor, 30 Mo. App. 580. The jury should have been restricted by the instruction to such damages, if any, as the plaintiff had sustained in consequence of the taking and detention of the corn. But to allow him to recover possession of the corn and the market value of it together with damages for the taking and detention was glaringly erroneous.

There is some inference afforded by the evidence that the defendants in another action brought against plaintiff recovered possession of the corn from the plaintiff, but this was not sufficiently shown to authorize the submission of the case upon the theory that the defendants had obtained possession and disposed of it. In determining the question of damages in this case the court should not have been in any way influenced by the proceedings had in any other subsequent suit between the said parties touching the same subject-matter. If the defendants brought a subsequent suit against the plaintiff for the recovery of the corn it is difficult to see from anything contained in the record in this case how that action or the proceedings therein could have anything to do with this. If the corn was taken out of the present plaintiff's possession by that action it was for the court to determine the rights of the parties according to the facts as it found them there to exist. But

the proceedings in that case should not have been used to influence or dominate the decision of this.

As far as we can discover, the case in other respects was well enough tried. No other error prejudicial to the defendants is seen.

It follows that on account of the errors hereinbefore pointed out the judgment must be reversed and cause remanded. All concur.