Clifford E. SIMMONS, Appellant,

v.

PROPANE INDUSTRIAL, INC., a corporation, Respondent.

No. 25864.

Missouri Court of Appeals, Kansas City District.

Dec. 4, 1972.

Brown, Douglas & Brown by Wendell E. Koerner, Jr., St. Joseph, for appellant.

John R. Moore, Platte City, for respondent.

Before SHANGLER, C. J., and CROSS, DIXON, PRITCHARD, SWOFFORD, and WASSERSTROM, JJ.

PRITCHARD, Judge.

On September 10, 1970, plaintiff filed his petition for replevin of a 30,000 gallon LP gas storage tank taken by defendant from the General Motors Corporation Plant at Leeds, Missouri, on June 11, 1970. Plaintiff had purchased and paid for four tanks from defendant, and had removed three of them. The fourth tank was removed from the GMC plant by defendant and was placed by it at East Atchison, Missouri, at its alleged moving and storage expense of $1,282.10 in its cross-petition. [The issue on the cross-petition was submitted to the jury but there was no verdict of the jury returned for or against defendant thereon.] Plaintiff recovered the possession of the tank on September 28, 1970, and apparently sold it in Springfield, Missouri. "A I got $5900.00 for it loaded on the car ready to ship."

The jury returned a verdict after trial on April 14, 1971, finding that plaintiff was entitled to possession of the tank; that he was entitled to both actual and punitive damages; assessing the value of the tank at $5,900.00; assessing plaintiff's actual damages for interest at $295.00; and further assessing his punitive damages at $2,500.00. Upon after trial motion of defendant, the court set aside the verdict upon the stated ground, among others, that it "erred in giving Instruction No. 5 requested by the Plaintiff for the reason that the evidence in the case showed that the Plaintiff repossessed the tank and sold same in September of 1970 and, therefore, the value of the tank at the time of trial was unavailable and unassessable and, for the further reason, that Plaintiff was not entitled to interest to the date of trial. * * *"

Instruction No. 5 is: "If you find the issues in favor of the plaintiff, then you must find that plaintiff is entitled to the tank, you must assess the value of the tank as of this date and award the plaintiff legal interest on its value at the rate of 6% per annum from the time of the taking of the tank by defendant to this date. (Not in MAI)."

The specified ground, above, is a sufficient basis for affirming the court's award of a new trial to defendant. Section 533.-140 RSMo 1969, V.A.M.S., now Rule 99.14, V.A.M.R. on replevin, provides in its latter part, "If the defendant have not the property in possession, the court or jury shall assess the damages, and the judgment shall be against the defendant and his sureties, for the damages so assessed, and the costs of suit; and in all cases the property shall be presumed to be with the party who should have it, until the contrary be shown." The first part of the rule applying where the defendant fails in his defense and has the property in his possession gives rise to the rule generally and in this state that "the verdict and judgment in a replevin suit (a) will find and declare the prevailing party's right of possession, (b) will determine and assess the value of the property in suit at the time of trial, *thus affording to the prevailing party an election to take the property or its assessed value,* and (c) will determine and assess damages, if any, for taking and detention." (Italics added.) M.F.A. Cooperative Ass'n of Mansfield v. Murray, Mo.App., 365 S.W.2d 279, 289 [16–18]. In such case it is obvious that the valuation of the property be assessed as of the date of trial, so that the prevailing party may have his election as before italicized. Strangely, there are no Missouri cases which point to the time of valuation of the property, where, as here, the *plaintiff* regained possession of the property after its wrongful taking and sold it. These are, however, analogous holdings. For instance, in Maier v. Henson Motor Co., Mo.App., 151 S.W.2d 452, 454 [5], it was said, "While, in a replevin suit, the value of the property is ordinarily to be assessed as of the date of the trial and not as of the time it came into the

possession of the defendant, the rule is otherwise where, after acquiring possession, the defendant thereafter parted with possession, so that no opportunity was available for putting a value upon the property at the time of the trial. (Citing cases.)" In the early case of Willison v. Smith, 60 Mo.App. 469, the plaintiff in replevin seized defendants' property under the writ which was delivered to plaintiff, and soon afterwards the plaintiff sold the property. Plaintiff complained, after judgment for defendants was given against him, that the jury was erroneously instructed to assess defendants' damages at the value of the property taken *at the time it was taken.* The court recognized the above general rule, but said, "But the foregoing decisions, and also the statute itself, contemplate that the party in possession of the property will have it at the trial to abide the judgment of the court. When it has thus been preserved, its value at the trial can be determined by actual inspection. * * * The judgment in replevin need not conform to the statute. It may be modified by the facts and circumstances in each case, so as to meet its equities."

In Baird v. Taylor, 30 Mo.App. 580, the plaintiffs in replevin recovered one bale of lint cotton, and it was held to be an erroneous judgment of recovery of the cotton, or in lieu thereof, $46.00 for its value. The court said (as it bears here) "The possession of the property in this case was with the plaintiffs, and the judgment being for them, they were entitled to retain the same, and *to have judgment for such amount as the evidence shows they were damaged by reason of the wrongful detention* of the property by the defendant." [Italics added]

In this case the court was correct in concluding the Instruction No. 5 erroneously allowed the jury to give interest from the date of taking by defendant to the date of trial, when defendant did not have possession during all that time, the interest being also erroneously computed on the value of the property at the trial date. Upon retrial, if the jury find that plaintiff was entitled to possession of the tank when removed by defendant, plaintiff's damages should be limited to interest for the time that defendant had and detained such possession, based upon the value of the tank at the time of defendant's taking.

It is contended that other grounds stated by the court as bases for new trial, such as exclusion of evidence, and that there was insufficient evidence to make a submissible case of punitive damages, were error. These matters need not be considered, as it is not known in what posture the evidence may assume on new trial. Since the parties are apprised by the briefs as to such issues, it may be that the questions will not again arise.

The judgment is affirmed and the case is remanded.

All concur.