KIRKENDALL, JONES & COMPANY, Appellants, v. C. W. HARTSOCK, Respondent.

Kansas City Court of Appeals, May 14, 1894.

1. **Evidence:** DEMURRER: FRAUD. Where a vendee at the time of the purchase represents to a traveling salesman who is not the credit man of the vendor, that he can pay every dollar he owes and that he did not owe his father-in-law, which representations were false, but the salesman believed the same and recommended the sale, there is matter to go to a jury as to whether the sale was made on the faith in the representations.

2. ——: ——. On demurrer to the testimony the court is to allow any legitimate and reasonable inference which may be drawn from the evidence produced.

3. **Fraud**: REPRESENTATIONS: OTHER RELIANCES. If no reliance is· placed on a false representation, it is not fraudulent as it has no operative effect. But if the false representation was one cause for the sale, it is fraudulent though there may have been reliance placed in other matters.

4. **Replevin**: DAMAGES. In replevin the jury should assess the value of the property at the time of the trial and not at the time it was· replevied.

5. **Evidence**: ADMISSION AS TO TITLE: ATTACHMENT. In an action by a vendor against the attaching creditors of his vendee to recover the· bargained property on account of fraud in the sale, the admissions of the vendee while in possession as to the validity of his title as against the plaintiff is proper evidence, as the attaching creditors· must abide by the title of the attached debtor.

*Appeal from the Bates Circuit Court.*—HON. JAMES H.. LAY, Judge.

REVERSED AND REMANDED.

*Graves & Clark, Jno. D. Parkinson* and *J. F. Smith* for appellants.

(1) The peremptory instruction given by the court is erroneous as to the assessment of the value of the property. The value should be fixed as of the date of trial and not as of the date of the levy under the writ of replevin. *Chapman v. Kerr*, 80 Mo. 158; *Wix v. Kepner*, 81 Mo. 158; *Burkeholder v. Rudrow et al.*, 19 Mo. App. 60; *Shultz v. Hickman*, 27 Mo. App. 21; *Hoester v. Teppe*, 27 Mo. App. 207; *White v. Storms*, 21 Mo. App. 288; *Miller v. Bryden*, 34 Mo. App. 607; *Kendall Co. v. Bain*, 46 Mo. App. 595. (2) An attaching creditor is not a *bona fide* purchaser and only takes such title as the fraudulent vendee had; and if the vendee had no title the attaching creditor or the officer attaching could acquire none. All fraudulent matters between the original vendor and vendee can be inquired into to defeat the officer's title and posses-

sion. Cobbey on Replevin, sec. 262; Usher on Sales of Personal Property, sec. 265; Tiedeman on Sales, sec. 329; *Hyde v. Ellery*, 18 Md. 496; *Sargent v. Storm*, 23 Cal. 359; *Farley v. Lincoln*, 51 N. H. 577; *Devoe v. Brandt*, 53 N. Y. 462; *Williamson v. Railroad*, 29 N. J. Eq. 311. (3) The statements of Meyer made at any time while in the possession of the goods are admissible and the court erred in excluding them, as was done. Cobbey on Replevin, sec. 985; *Durham v. Shannon*, 116 Ind. 403. (4) Meyer had made a material representation to plaintiff's salesman, to induce him to sell and recommend the sale and it is not a sufficient answer to say that the plaintiffs did not prove that they entered into the contract relying upon this representation; it is an inference of law that they entered into the contract of sale upon the strength of the representation and the case should have been submitted to the jury. Campbell on "The Sale of Goods and Commercial Agency," page 637; 1 Travis on "The Laws of Sales and Collateral Subjects," page 327. (5) Direct proof of fraud is not required, but if there are circumstances indicating fraud the case should go to the jury. *Devoe v. Brandt,* 53 N. Y. 465.

*Francisco Bros.* for respondent.

(1) The peremptory instruction was properly given as the plaintiff's evidence showed that the credit was not extended on the false representations made by Meyer, if he made any, nor on the recommendation of F. O. Field, the salesman, and the witness. (2) False representations, in order to avoid a contract must be of such a character as to deceive an ordinarily prudent man, that he relied upon them and was thereby damaged. *Hamilton v. Mallett*, 8 Mo. App. 584, *Bank v. York*, 8 Mo. App. 604. There is no question,

from all the evidence, but that the credit was extended by Hall, the credit man of the firm, who had full knowledge of all the facts in the case, or by the use of ordinary diligence could have known them, or at least this indebtedness to Wolfe, which appellants claim were misstated. It seems that Mr. Hall knew all about Mr. Meyer, and instead of extending credit when Mr. Field recommended it, he refused till he thought Meyer in proper shape financially; then shipped the goods and extended the credit as he had been doing for a year or more before that time. (3) The instruction was probably erroneous as to the time of the assessment of the value of the property. The affidavit of appellants for the writ of replevin states the value to be $521.95. That is their own statement made under oath, when swearing out this writ. Appellants are bound by this affidavit. *Schultz v. Hickman*, 27 Mo. App. 21. (4) "When upon a view of the whole record it is clearly manifest that the judgment is for the right party, it will not be reversed, although error may have been intervened. R. S. 1889, sec. 2304; *Bassett v. Glover*, 31 Mo. App. 150; *Fitzgerald v. Barker*, 96 Mo. 661; *Bushey v. Glenn*, 107 Mo. 331. (5) Appellants' claim under points 3 and 4 is that "the statements of Meyer made at any time while in the possession of the goods are admissible and the court erred in excluding them." In answer to this we wish to say that such statements are admissible as evidence only as *res gestæ*, and then such statements must be "explanatory of the possession or of the title he is claiming," before they are admissible, and then when that matter is properly in issue. Cobbey on Replevin, sec. 987. (6) "Although one party may make false and fraudulent statements at time of the sale, yet unless such statements are relied upon by the other party and such other party was induced thereby to enter into the contract, he can not

complain." *Parker v. Marquis*, 64 Mo. 38; *Anderson v. McPike*, 86 Mo. 293; *Brownlee v. Hewitt*, 1 Mo. App. 360.

ELLISON, J.—This action is replevin for certain merchandise. The defendant is the sheriff of Bates county and had possession of the goods under certain writs of attachment issued at the instance of certain creditors of Meyer who purchased the goods of plaintiffs. At the close of plaintiff's case the court gave a peremptory instruction to the jury to find for the defendant and to assess the value of the goods as of the time they were replevied.

It appears that plaintiffs are wholesale merchants at Omaha, Nebraska, and that Meyer was a retail merchant at Rich Hill, Missouri. That plaintiffs' traveling salesman sold the goods in question to Meyer on credit, and that he took his order on the representation made to him by Meyer that he, Meyer, was free from all debt which he could not pay when due. Meyer's father-in-law, Wolfe, being especially mentioned, he told plaintiff's salesman that he did not owe Wolfe anything; and that relying upon this the salesman sent the order into the house and recommended it, though it does not appear that the salesman made known to plaintiffs the representations which Meyer made to him. It further appears that this salesman was not what was known as the "credit man" of the house, the man who acted in such capacity being one Hall, at Omaha. It further appears that this statement was false, that Meyer was in debt to his father-in-law $3,700.

On this showing appearing in the testimony in plaintiff's behalf it was error to take the case from the jury. Plaintiffs' salesman testified that: "As near as I can remember, these goods were sold early in the month of March, 1892. At the time I sold this bill of

goods to Mr. Meyer I asked him his financial condition. I told him that there had been some rumors that he was quite heavily involved and I wanted him to tell me the straight of it.  He told that he didn't owe a dollar to any person that he couldn't pay when it was due.  Then I asked him if his father-in-law, Mr. Wolfe, of St. Louis, had any claims against him in any way; if he owed his father-in-law any money.  He says 'I don't owe him a dollar,' and used this expression 'The old man has no strings on me.'  And on the strength of that statement I recommended the goods to be shipped.''  He further testified that shortly thereafter the goods were shipped;  that his recommendation was, in some instances, considered with other matters in determining whether to ship to parties on his order;  but that no sales he had recommended had ever been refused by plaintiffs.  It is quite true that plaintiffs could have made their case more satisfactory by offering testimony from some member or agent of the firm showing in direct terms, the moving cause of the consummation of the sale on their part, but there is sufficient in the testimony which was given to submit to the determination of the jury.  On a demurrer to testimony we are to allow every legitimate and reasonable inference which may be drawn from the evidence produced.  The testimony of the salesman is that in reliance upon what Meyer told him he sent in the order and recommended the sale.  The statement of Meyer was false;  and it appears that, but for this false statement made in denial of his being financially embarrassed, Meyer would not have obtained the goods. We hardly understand how the fact that plaintiffs had a man who passed upon the sales upon credit, can affect the question.  It is no more than if they had acted in that capacity themselves.

II.   If it should appear from the whole evidence,

to the satisfaction of the triers of the facts, that no reliance was placed by plaintiffs on Meyer's statement or representation as to his financial condition then, of course, the representation, having no operative effect, can not be fraudulent. But the fact that there may have been other causes in connection with Meyer's statement (such as mercantile agencies) impelling plaintiffs to ship the goods does not defeat plaintiffs' case, if the false representation of Meyer was one of the causes without which the shipment would not have been made. *Cahn v. Reid*, 18 Mo. App. 131–135.

III An instruction for the defendant directing the jury to fix the value of the property at the time it was replevied was erroneous. The value at the time of the trial is the proper valuation. *White v. Storms*, 21 Mo. App. 289; *Hoester v. Teppe*, 27 Mo. App. 210.

IV. Any admission of Meyer while in possession of the goods as owner which tends to show he had no valid title as against plaintiffs is proper evidence. This is true, notwithstanding the parties now in interest against plaintiffs are the attaching creditors who have laid hold of the goods through the defendant sheriff. These creditors must abide by the title Meyer had, there being no pretense that their debts were contracted on the faith of this property.

The judgment is reversed and the cause remanded. All concur.