ZAHNER MANUFACTURING COMPANY, PLAINTIFF IN ERROR, v. A. R. HARNISH ET AL., DEFENDANTS IN ERROR.—51 S. W. (2d) 145.

Kansas City Court of Appeals. May 23, 1932.

*Jay L. Oldham* for plaintiff in error.

*James B. Nourse* for defendant in error.

ARNOLD, J.—This is an action in replevin. A jury being waived the cause was tried before the court, resulting in judgment for one of the defendants, viz., D. A. Morr Transfer & Storage Company, in the sum of $262, the value of said defendant's special interest in the property taken, together with $62.88 interest. The judgment was entered against plaintiff and its sureties in the total sum of $324.18. Judgment also was rendered in favor of plaintiff against the other defendants, A. R. Harnish and Melvin P. Allen, for possession of all the property described in the 1st, 2d and 3d counts of the petition, and found to be of the value of $1,000; and that plaintiff have and recover of defendant A. R. Harnish the amount of the indebtedness set out in the 4th, 5th and 6th counts of the petition, in the amount of $2,000, and $600 interest, a total of $2600.

Plaintiff filed its motions for a new trial and in arrest of judgment, which were overruled, and the cause is before us on a writ of error sued out by plaintiff. This is the second appeal in this case. In the former trial, there was a judgment for plaintiff against all the defendants, and a new trial was allowed on motion of defendant D. A. Morr Transfer & Storage Company, and from this ruling, plaintiff appealed to this court. Upon review, the said judgment was affirmed. [Zahner Mfg. Co. v. Harnish et al., 24 S. W. (2d) 641.]

We do not deem it necessary to restate the facts here, as such a statement contained in the former opinion clearly and accurately summarizes the situation as shown by the present record. Reference is hereby made to that statement, as the evidence before the court at the second trial, it may be concluded, was substantially the same as at the first, and from which the court properly found all of the facts stated in the former opinion. However, plaintiff, in its reply brief, states:

"The facts in this second appeal are materially different from that of the former appeal, as plaintiff used two witnesses, Claud C. Barker and Joseph F. Waller, who were employees of defendant in error. The opinion in the former appeal (Zahner Mfg. Co. v. Harnish, 24 S. W. (2d) 641) is not the law of this case, and no injustice would result from overruling the former decision."

We have carefully read the testimony of the witnesses named and find that it does not materially change or alter the facts as stated in our former opinion. Clearly the testimony of the two witnesses named was intended to refute the statement that the goods in ques-

tion were voluntarily surrendered by defendant D. A. Morr Transfer & Storage Company to plaintiff. The additional testimony offered is to the effect that such surrender of possession was in obedience to the writ of replevin, and was not voluntary. The original opinion fully and correctly covers this phase of the case.

Plaintiff insists it did not waive priority of its purchase money chattel mortgages, duly filed of record, to that of a subsequent lien for storage by a warehouseman who contracted only with the mortgagor. The former opinion held to the contrary, upon the theory that plaintiff waived its priority by consenting to the storage of the goods in question with D. A. Morr Transfer & Storage Company. There being no testimony to the contrary in the present record, the former opinion is *res adjudicata* on this point.

Under point 2, plaintiff insists a warehouseman is not given a superior lien to that of a chattel mortgage, duly filed of record, by virtue of sub-section (b), section 14401, Revised Statutes 1929. The fallacy of this position is that there is no contention made that defendant Storage Company's lien and special interest in the property taken was created against the mortgagee under, or by virtue of said section. The lien against plaintiff arises out of the rule that plaintiff's consent to the storage subjects its interest and title to defendant's lien and estops plaintiff from setting up such title against the lien. [Zahner Mfg. Co. v. Harnish, 24 S. W. (2d) 641; 11 C. J. 659, sec. 408; Lange v. Midwest, etc. Co. (Mo. App.), 231 S. W. 272.] Cases cited by plaintiff are not contrary to this rule.

It is urged under point 4, of plaintiff's points and authorities, that under section 14402, Revised Statutes 1929, defendant lost its warehouse lien for storage, by surrendering the chattels to plaintiff, without compelling identification or a levy by the sheriff. This question was disposed of against plaintiff's contention on the former appeal, and is the law of the case. A further discussion of this point at this time is not warranted.

Finally it is contended that section 1634, Revised Statutes 1929, provides the basis of recovery by defendant, and that the trial court erred in basing its judgment upon defendant's claim for storage, and not on the value of the property in the hands of plaintiff. The section cited is as follows:

"If the plaintiff fail to prosecute his action with effect and without delay, and shall have the property in his possession, and the defendant in his answer claims the same and demands a return thereof, the court or a jury may assess the value of the property taken, and the damages for taking and detaining the same for the time such property was taken or detained from defendant until the day of the trial of the cause."

This section must be held to have no application to the facts and the pleadings herein. The section quoted and the related sections clearly show that its purpose is to define the issue and indicate the procedure where the disputed question is the full ownership and right of possession of the property. Defendant's answer herein sets up no claim for the value of the property taken on the writ, but states:

". . . that it does not claim and did not claim any right of ownership in said goods, or any right of possession thereof except as herein pleaded but that the possession of this defendant was and is the possession of defendants, A. R. Harnish and Melvin P. Allen who placed the goods with this defendant for storage, and in due course of business by and with the consent, approval, knowledge and acquiescence of the plaintiff herein and for which goods this defendant issued its usual and customary warehouse receipt."

The answer of defendant sets up only a special interest, to-wit, its lien for storage. It has been held that where a defendant has only a special interest in the property the court should assess the value of that interest. To assess the absolute value would be manifest injustice. [Dilworth v. McKelvy, 30 Mo. 149.] [See, also, Anthony v. Carp, 90 Mo. App. 387.]

In actions in replevin, it is the trial court's right and duty to adjust all issues between the parties as shown by the pleadings concerning the property involved. [McWherter v. Randall, 207 Mo. App. 465, 232 S. W. 1070; Etheridge v. Terry, 278 S. W. 1052; Smith v. Tucker, 200 S. W. 707.] In the case last cited, the court said:

"Replevin suits are generally flexible enough to permit an adjustment of the real rights of the parties, and where the prevailing party has only a limited or special interest in the property instead of the ownership, and the other party has obtained possession under the writ, the value of such special interest only should be assessed. (Citing cases.)"

Plaintiff objects to the inclusion of interest from the time of the demand (service of the writ upon defendant). This objection obviously confuses this claim for interest with an assessment for depreciation of the property while held. The question of depreciation is not present in this case; the defendant in error disclaims any right in, or possession of, the property other than the lien for storage, as pleaded in the answer. Here depreciation has nothing to do with the amount assessed.

It is the law that in ascertaining the value of the defendant's special interest, the valuation should be made as of the date of the trial. [Merrill Chem. Co. v. Nickells, 66 Mo. App. 678; Fergusson v.

Comfort, 194 Mo. App. 423, 184 S. W. 1192; Mix v. Kepner, 81 Mo. 93; Kirkendall v. Hartsock, 58 Mo. App. 234.] It was said in the case of Weber Implement Co. v. Dunard, 181 Mo. App. 658, 164 S. W. 685:

". . . it appearing that defendant possessed but a special and limited right or interest to the extent of his mortgage indebtedness against the property, it was erroneous to award him the full value of the property, for the damages should be limited to such special interest which resided in him, and, of course, this included the principal of the debt and accrued interest thereon—that is, the amount of the note remaining unpaid when the defendant purchased it, together with interest up to the date of the verdict. The authorities are all one way on the subject, and it in unnecessary to discuss them. The leading case in this State is that of Dilworth v. McKelvy, 30 Mo. 149."

The Weber case is quoted with approval in National Theater Supply Co. v. Scovill, 22 S. W. (2d) 68. There was no error in allowing interest as shown by the judgment.

The judgment is affirmed. All concur.