FRANK W. SMITH, RESPONDENT-APPELLANT, v. KATHRENS MOVING & STORAGE COMPANY, A CORPORATION, APPELLANT, AND JAMES L. WILLIAMS, SHERIFF, RESPONDENT.—163 S. W. (2d) 128.

Kansas City Court of Appeals. May 25, 1942.

Rehearing Denied June 15, 1942.

*Louis L. Kirchner* and *Don Bush* for respondent, Frank W. Smith.

*Louis L. Kirchner* and *Don Bush* for Frank W. Smith, Appellant-respondent.

*Thomas E. Deacy* and *Floyd R. Gibson* for James L. Williams, sheriff, respondent.

*James Daleo* and *Lawence D. Solomon* for appellant.

SHAIN, P. J.—This is an action in replevin brought in the Circuit Court of Jackson County, Missouri. The principal question involved herein is as to whether or not a warehouse lien attaches to goods and chattels taken by a sheriff in execution of an attachment writ and deposited by him in a warehouse for safe keeping.

The facts out of which the issue herein arose involve proceedings in two suits by attachment. It appears that one W. L. Chamberlain brought the two suits by attachment in the Circuit Court of Jackson County, Missouri, against Frank W. Smith, defendant therein and respondent herein. Writ of attachment was duly issued by the court and placed in the hands of James L. Williams, sheriff, who executed same by taking possession of tools and equipment belonging to said Smith and depositing same for safe keeping with the Kathrens Moving & Storage Company, a corporation which operates a duly licensed public warehouse in Jackson County, Missouri.

It appears that aforesaid attachments against said Frank W. Smith were thereafter dissolved and an order was made by the court that the property taken under the attachment be returned to said Smith. It appears that the sheriff gave to Smith an order on the aforesaid warehouse company for delivery of the goods to said Smith. It appears that the warehouse company refused to deliver unless its costs for labor and storage were paid. Thereupon said Frank W. Smith filed petition in the Circuit Court of Jackson County, Missouri, in replevin wherein the Kathrens Moving and Storage Company, a corporation, and James L. Williams are joined as defendants.

Trial in said replevin suit was had at the May Term, 1941, of said court. Trial was by court, jury being waived. Judgment was for Frank W. Smith, respondent herein, as against the defendant Kathrens Moving & Storage Company, for possession of the goods and the court found issues for defendant James L. Williams, and against plaintiff.

From the aforesaid judgment against the Kathrens Moving & Storage Company, said company duly appealed and from the judgment against Frank W. Smith and in favor of James L. Williams, said Smith has appealed.

For purposes of this appeal, the cases are consolidated.

The issues in this case will be clarified by the record showing as follows:

"MR. DALEO: It is agreed between the parties that the Kathrens Moving & Storage Company is in possession of the property in question, and that the Kathrens Moving & Storage Company, a corpo-

ration, is a duly licensed public warehouseman in Jackson County, Missouri, and by virtue of the statutes of Missouri, commonly known as the warehouseman's act; further, that Kathrens came into possession of these goods lawfully, pursuant to an order from James Williams, then the Sheriff of Jackson County, who was lawfully in possession of the goods, having levied upon the same on writs of attachment issued out of the office of the Clerk of the Circuit Court of Jackson County, Missouri, at Kansas City, in cases No. 454334 and 454350; further that the plaintiff in this action made demand upon Kathrens Storage Company on December 2nd, and again upon December 9, 1939, for the return of said property, but at that time did not make tender for the amount due for labor and for storage; further, that the amount due for labor is $117.50 and that it is a reasonable amount, and that the reasonable value for the storing of said property is $20 per month, and that Kathrens Moving & Storage Company, a corporation, has had possession of said property and in storage since the 3d day of August, 1937; and, further, that at all times the Kathrens Moving & Storage Company, a corporation, has been willing to deliver to the plaintiff in this cause of action the property in question upon the payment to the Kathrens Moving & Storage Company, a corporation, of the amount due them by reason of the labor and the amount for storage, and that the Kathrens Moving & Storage Company, a corporation, contends that it is entitled to the amounts mentioned because of the fact that it has a lien for the labor and storage as above mentioned. Is there anything you want to add to or take away from that?

"MR. KIRCHNER: By your statement that the Sheriff was lawfully in possession of the property, you mean he had it under a lawful writ of attachment?

"MR. DALEO: Writ of attachment, yes.

"MR. KIRCHNER: And that was the nature of his custody.

"MR. DALEO: That is right, and further that the Sheriff put it in the possession of the Kathrens Moving & Storage Company, a corporation, for safekeeping and for the protection of the property, pending the lawsuit.

"THE COURT: How does the warehouse receipt designate?

"MR. DALEO: The warehouse receipt was issued to James Williams, No. 45008, Sheriff of Jackson County, Missouri.

"MR. BUSH: I think that should be entered as an exhibit.

(Defendant Kathrens' Exhibit 1 was marked for identification.)

"MR. DALEO: Show that the warehouse receipt was at that time in the possession of James Williams, former Sheriff of Jackson County, Missouri.

"MR. KIRCHNER: Have you offered this exhibit?

"MR. DALEO: Yes, it is offered in evidence.

"MR. KIRCHNER: No objections."

The first paragraph of the warehouse receipt is as follows:

"Received for the account of James Williams, Sheriff for storage, the goods or packages enumerated and in the schedule below, upon the following terms and conditions, said goods stored in warehouse located at No. 3129 Prospect Ave. K. C."

Thereafter appears specification of value not to exceed $2000; thereafter the following paragraphs appear:

"The goods deposited will be delivered to the above-named Owner, or to the Owners' duly authorized agent on presentation of written order from said Owner, provided all storage and other charges are paid and the Warehouse Receipt surrendered."
And that

"No transfer of the property covered by this receipt will be recognized unless all charges are paid, the Warehouse Receipt surrendered and new Warehouse Receipt issued."

As to storage rate, the following appears:

"Storage rate $20.00 per month. Total advanced charges $137.50."

The orders made by the Court in attachment suit appear as follows:

"Now on this 25th day of November, 1938, defendant's motion for return of attached property and to dismiss cause having been submitted to the court and it appearing to the court that the sheriff of Jackson County, Missouri, heretofore did attach and levy upon certain machinery, tools, appliances and machine shop equipment belonging to defendant under and by virtue of a writ of attachment issued in the above entitled cause, and that the said sheriff thereupon stored said machinery, tools, appliances and machine shop equipment in the warehouse of the Kathrens Moving and Storage Company in Kansas City, Missouri; and it further appearing to the court that on September 9, 1938, upon a showing that plaintiff had not brought said cause to trial either with respect to the merits of the suit or with respect to the propriety of the attachment, and that the expense incurred by the sheriff in connection with keeping the attached property has exceeded the sum of Three Hundred ($300) Dollars, the court sustained a motion for security for costs herein by defendant and ordered plaintiff to file good and sufficient bond for costs in the sum of Five Hundred ($500) Dollars within ten days thereafter; and it now appearing to the court that plaintiff failed and still fails to file said bond for costs or give any other security therefor, or to comply with the order of this court as aforesaid, and the court being now fully advised in the matter, doth find that said motion should be sustained.

"It Is Therefore Considered, Ordered and Adjudged by the Court that the attachment levy heretofore made under and by virtue of the writ of attachment issued in this cause be and the same hereby is dissolved, and the sheriff of Jackson County, Missouri, is hereby ordered and directed to return to the above named defendant all

machinery, tools, appliances and machine shop equipment seized and taken by said sheriff under said writ of attachment and to deliver the same, or cause the same to be delivered without cost, charge, or expense to said defendant; and

"It Is Further Considered, Ordered and Adjudged that the above entitled cause be and the same hereby is dismissed at the cost of the plaintiff, and that defendant have execution therefor."

The release appears as follows:

"Office of
"Jackson County Sheriff
"Kansas City, Mo.
"November 25th, 1938
"Release

"To Kathrens Moving & Storage Company
"3129 Prospect Avenue
"Kansas City, Missouri

"You are hereby notified that the machinery taken by the Sheriff in Cases No. 454,334 and 454,350, both entitled W. L. Chamberlain vs. Frank W. Smith, was ordered released to the defendant by the Circuit Court on the 25th day of November, 1938.

"This machinery, appliances and goods is stored under your receipt No. 45008, a copy of which is annexed hereto. This attachment has been released by us pursuant to the order of the Circuit Court and the goods now belong solely to the defendant. Kindly release same to him. Your storage charges have been taxed as costs in case No. 454,334.

"James L. Williams,
"Sheriff Jackson County
"Missouri
"By Floyd R. Gibson
FRG/cm                    "Chief Deputy Civil Division."

The trial court in this suit made findings of fact and gave declarations of law. However, the issue in the case of Smith v. Kathrens Moving & Storage Company rests alone on the question of right to a lien, and the issue as between Smith and Sheriff Williams rests upon the question as to whether or not Williams was a proper party defendant in the replevin suit. Such being the case, we do not include herein the specific findings and specific declarations.

The appellant Kathrens Moving and Storage Company designates its assignments of errors under four heads without assignments of reasons. However, as to this appellant, we consider same a one-point case and base our review on assignment as follows:

"The court erred in entering judgment against the defendant and ordering that the defendant return said property held by it to the plaintiff, because it was against the law and the evidence, the weight of the evidence, and contrary to all the credible evidence."

928

As to appellant Smith v. Williams, respondent, we conclude that there is but one point involved. Appellant's assignment is as follows:

"The court erred in entering judgment dismissing the cause as to defendant James L. Williams because it was against the law and the evidence."

In Smith, respondent, v. Kathrens Moving & Storage Company, appellant, the respondent contends that the Uniform Warehouse Receipts Act, Article 3, Chapter 14, Section 15526, Revised Statutes Missouri, 1939, supersedes the common law and that the delivery of Williams to the warehouse created no line on the property.

Under the common law, and as declared in the earlier decisions in this State, if one who had lawful custody of chattels placed same in a warehouse for safe keeping, a warehouse lien attached to the goods so stored.

Article 3, Chapter 14, *supra*, was enacted and became the law in this State in the year 1911. [See Laws of Missouri, 1911.]

That the Kathrens Moving & Storage Company is a licensed company under the provisions of Article 3, *supra*, is not controverted. We have examined the warehouse receipt issued by said company to Sheriff Williams and the same is a nonnegotiable warehouse receipt which complies fully as to form with the provisions as stated in Article 3, Chapter 14, aforesaid.

Section 15526 of aforesaid article is as follows:

"Sec. 15526. Against what property the lien may be enforced.—Subject to the provisions of section 15528 a warehouseman's lien may be enforced—

"(a) Against all goods, whenever deposited, belonging to the person who is liable as debtor for the claims in regard to which the lien is asserted, and

"(b) Against all goods belonging to others which have been deposited at any time by the person who is liable as debtor for the claims in regard to which the lien is asserted if such person had been so entrusted with the possession of the goods that a pledge of the same by him at the time of the deposit to one who took the goods in good faith for value would have been valid."

Nowhere in the briefs filed herein is any Missouri case cited wherein the courts of Missouri have been called upon or have given construction to Section 15526, *supra*, except as noted, *ante*.

We have made diligent research and find only two cases wherein provisions from Section 15520 to 15535, inclusive, of the act have been before the courts of this State for consideration.

In Zahner Mfg. Co. v. Harnish, 227 Mo. App. 287, 51 S. W. (2d) 145, Sections 15525 and 15526 were involved and therein it is held that the interest and title of a mortgagee, who consents to storage of eggs in a warehouse, is subject to the lien.

In Russell v. Empire Storage & Ice Company, 332 Mo. 707, aforesaid sections were involved. However, the issue therein was on an action for damages for refusal to deliver.

We find no Missouri case brought since the enactment of Article 3, Chapter 14, *supra*, wherein the question of lien based on deposit by person or persons other than those specifically designated under subsections (a) and (b) of Sec. 15526 have ever been directly before the appellate courts of this State.

After a careful study of Article 3, Chapter 14, Revised Statutes 1939, we conclude that the same is a special statutory code wherein it is designated by whom goods and chattels must be deposited in order that a warehouse lien attach, and

We conclude further that said article is derogatory of the common-law as it existed in this State prior to its enactment in 1911.

Based upon our aforesaid conclusion, we hold that James L. Williams, Sheriff, does not come under either classification of subsections (a) or (b) of Section 15526, of Article 3, Chapter 14, Revised Statutes Missouri, 1939, and that no lien accrued against said goods and chattels in favor of appellant Kathrens Moving & Storage Company by reason of the deposit made by said Williams.

In our review herein, we find that the State of Michigan has a similar warehouse law to our Missouri law. The provisions of the Michigan law provide for a lien on goods, wares and merchandise, and other personal property deposited and stored by the owner or with the owner or owners' knowledge or assent.

In the case of Roehel Storage Company v. Wilson et al., 256 N. W. 598, the Supreme Court of Michigan had before it a case on all fours with the case at bar. In other words, the Sheriff had taken goods under writ of attachment and stored same in a warehouse. Thereafter the attachment was dissolved. In the opinion it is held that no lien attached in favor of the warehouseman.

We next take up for consideration Frank W. Smith, appellant, v. James L. Williams, Sheriff, respondent, wherein the court found issues in the replevin suit herein in favor of Williams and against Smith.

The record herein fully discloses that the attachment suit involved herein had been fully terminated and that said Sheriff was ordered to redeliver the goods taken under the writ. The record further discloses that said Sheriff in conformity to orders of the court executed a release, same fully set forth above. In this release the storage company was told to release the appliances and goods involved and were duly informed that storage charges had been taxed as costs in case No. 454,334.

The record clearly shows that Sheriff Williams at the time this replevin suit was brought had no ownership and claimed no ownership in the property. Further, the record is clear to the effect that

930

said Sheriff did not have and did not claim to have possession of or the right of possession of the property involved.

We conclude that Sheriff Williams was not a proper party defendant in the replevin action and that the trial court was not in error in deciding the issue herein in favor of Sheriff Williams,

There are presentations argued in the briefs herein relative to the legal rights of the Kathrens Moving & Storage Company in case of no lien. Further, questions are raised as to the respective rights as between the storage company and Williams. As the petition of replevin herein raises no such questions, we refrain from comment as to same.

Judgment in Frank W. Smith, respondent, v. Kathrens Moving & Storage Co., affirmed.

Judgment in Frank W. Smith, appellant, v. James L. Williams, Sheriff, affirmed. All concur.